2 So.2d 430

## WARRIOR STONE & CONTRACTING CO. et al. v. DE FOOR.

6 Div. 799.

Supreme Court of Alabama.

May 22, 1941.

228

London & Yancey and Fred G. Koenig, Sr., all of Birmingham, for appellants.

Wm. S. Pritchard, David R. Solomon, Winston B. McCall, and A. W. Jones, all of Birmingham, for appellee.

THOMAS, Justice.

This is a petition for certiorari to review and revise the judgment of the circuit court in a workman's compensation case against the employer, Warrior Stone & Contracting Company, and its insurance carrier, the American Mutual Liability Insurance Company.

The case was tried on a verified petition as last amended and verified answer thereto. This proceeding for review does not question the pleadings.

Be it remembered that in a case like this we are not dealing with the preponderance of the evidence. That is to say, the rule is that in a compensation case, when the review in this court is by certiorari, as here, this court will not look to the bill of exceptions to find the weight of the evidence as to any fact found by the trial court, but simply to see if there is any evidence to support facts found by the court. If, on any reasonable view of the evidence, it will support the conclusions reached by the trial court, the finding and

judgment will not be disturbed. Bell v. Tennessee Coal, Iron & R. Co., 240 Ala. 422, 199 So. 813; Sloss-Sheffield Steel & Iron Co. v. Alexander, 3 So.2d 46[1]; Agricola Furnace Co. v. Smith, 239 Ala. 488, 195 So. 743; Woodward Iron Co. v. Vines, 217 Ala. 369, 116 So. 514; Ex parte Coleman, 211 Ala. 248, 100 So. 114, 115.

■ And, on petition to review by certiorari, the judgment under the Workmen's Compensation Law, this court, to ascertain whether the finding of facts are supported by any evidence, will look to the bill of exceptions. Woodward Iron Co. v. Vines, supra; Woodward Iron Co. v. Dean, 217 Ala. 530, 117 So. 52, 60 A.L.R. 536; Sloss-Sheffield Steel & Iron Co. v. Watts et al., 236 Ala. 636, 184 So. 201.

■ Expert opinions of witnesses are not conclusive on the triers of the fact, though uncontroverted, but the same may be disregarded unless it is a matter for experts only and the triers of fact cannot be assumed to have or be able to form a correct opinion concerning such matter. Commonwealth Life Ins. Co. v. Harmon, 228 Ala. 377, 380, 153 So. 755; 9 Alabama Digest, Evidence, ☞570; George v. State, 240 Ala. 632, 200 So. 602.

The finding of fact by and conclusions of the court, among other things, in this case, were:

"The petitioner was examined in open Court by medical experts, and the Court personally viewed the Petitioner, personally noted his injury, observed the examination by the Doctors, and the experimentation by the Doctors with the petitioner, as to his ability to stand, as to his ability to walk, as well as the shape and condition of his leg and body. From these personal observations by the Court, and from all of the evidence bearing upon the nature and extent of the petitioner's injury and disability, the Court finds as a fact that as a proximate consequence of the petitioner's said injuries, as of the day of trial of this cause, and continuously from the date of his said injury to said date, he has been unable to stand on his feet for any length of time; has become weak and faint after walking short distances; that his nervous system has been shocked and disarranged; that a substantial portion of both bones in petitioner's leg has been crushed; that said bones have failed to knit and heal; that said bones are not in alignment, but are so off-set as that they are unable to carry the weight of petitioner's body; the peculiar and unique malformations resulting from petitioner's said injuries, as personally observed and examined in open court by the Court, can not be truthfully and fairly expressed in any percentage of disability of any designated member or members of the petitioner's body; on the contrary, the said injuries resulted proximately—which the Court hereby finds as a fact—in a permanent partial disability of Andrew J. DeFoor as a whole man and of his ability to perform work and labor as defined by the applicable statutes and decisions of the State of Alabama, to the extent of a permanent partial disability of 80%; and he was temporarily, totally disabled from the date of his said injuries to and including the 31st day of January, 1940.

"All within the meaning of, and compensatable under the terms and provisions of Chapter 287, Code of Alabama, 1923, as last amended, which Statute is sometimes referred to as 'Workmen's Compensation Act.'"

See Code of 1923, § 7534, et seq., and § 7551(c); Michie's Cumulative Supplement of Code of 1923, § 7551, p. 479; Code 1940, Tit. 26, §§ 253 et seq. and § 279(c).

■ Looking to the bill of exceptions and the exhibits in question, we find there was evidence sustaining the finding of fact by the conclusions of the court.

The writ of certiorari is denied and the judgment of the Circuit Court is affirmed.

Writ denied; affirmed.

GARDNER, C. J., and BROWN and FOSTER, JJ., concur.