269 So.2d 905

**Charles HENDERSON, etc.**

v.

**James David JOHNSON.**

**Civ. 16.**

Court of Civil Appeals of Alabama.

Nov. 22, 1972.

Speake & Speake, Moulton, for appellant.

W. H. Rogers, Moulton, for appellee.

BRADLEY, Judge.

This is a workman's compensation case.

Review of the trial court's judgment awarding compensation to the plaintiff below, respondent here, is sought in this court by way of the writ of certiorari as is authorized by statute. See Title 26, Section 297, Code of Alabama 1940, as Recompiled 1958, as amended.

Respondent's complaint, as filed in the trial court, alleged that he was injured while acting as an employee of the petitioner, who was subject to the workman's compensation law at the time of the injury; that petitioner had actual knowledge of his injury; and that as a proximate result of the injury he was made totally and permanently disabled.

Petitioner, in its answer, admitted that respondent was its employee on the day he was injured; that he was injured while in the line and scope of his employment; that it had actual notice of the injury suffered by respondent; that respondent's rate of pay was $63.52 per week; and that plain-

tiff was subject to the workman's compensation law at the time of his injury. Petitioner denied that respondent was permanently and totally disabled, but did allege that respondent was permanently, partially disabled in his lower left extremity to the extent of 15%.

After a hearing of the case on the issues raised by the pleadings, the trial court rendered the following judgment:

## "ORDER

"This cause coming on to be heard was submitted in open Court for final judgment on the pleadings and the proof. This suit is filed under the Workmen's Compensation Acts of this State seeking compensation for an injury alleged to have occurred to the plaintiff while employed by the defendant, Charles Henderson, in a timber and logging operation in Lawrence County, Alabama. It is stipulated by and between the parties as follows:

"That this accident occurred on the 27th day of May, 1970. It is further stipulated by and between the parties that the injury was within the line and scope of the employment of the plaintiff and the defendant, Charles Henderson, was the employer and as such had actual notice of the injury on the date that it occurred. It is further stipulated by and between the parties that the defendant has made twenty-seven (27) payments of Forty-Seven ($47.00) Dollars each per week; and further that the defendant has paid the sum of One Thousand Three Hundred Ninety and 50/100 ($1,390.-50) Dollars in medical expenses for and on behalf of the plaintiff through the 29th day of April, 1971. It is further stipulated by and between the parties that the average weekly earnings of the plaintiff was Ninety-Nine ($99.00) Dollars per week. It is further stipulated that of the total benefits paid by the defendant to the plaintiff for twenty-seven (27) weeks totals One Thousand Two Hundred Sixty-Nine ($1,269.00) Dollars.

"With regard to the plaintiff and the defendant in this case heretofore submitted to the Court, the Court makes the following finding of facts:

"James David Johnson, the plaintiff in this case, who is forty-one years of age is a native of Lawrence County, Alabama, has had formal schooling through the sixth grade in the public schools of this County. It is the further finding of the Court that the plaintiff in this cause has no other training or skills whatsoever and that for the major portion of his life he has worked in the timber and logging business. It is the further finding of the Court that on the 27th day of May, 1970 he was a timber cutter for the plaintiff, which was within the scope of the employment for which the defendant had hired him. It is the further finding of the Court that on the day of the injury in question the plaintiff was operating a portable power saw used in the line and scope of his employment in cutting down trees. It is the further finding of the Court that on the time in question the plaintiff was attempting to fell a tree approximately twelve inches in diameter; and that after he had cut the tree into (sic) it fell against a tree standing next to the one being cut and the tree in question hit the standing tree bounced off of it, and the plaintiff, recognizing that he was in a dangerous position, immediately began to run but the tree he had just cut fell across his body and knocked him approximately twelve feet from where he was standing and rendered him partially unconscious. When he regained full consciousness the tree was lying partially across his body and over and on his left leg. He immediately began hollering which attracted the attention of his brother who was working a short distance away. The Court further finds that his brother came to the place where the tree was lying on his leg and cut the tree off his leg and then carried him a short distance away where there was a machine, known in the trade as a skidder, which is a machine used to transport the logs from the woods to transportation. He was placed in the skidder and carried from the woods to where transportation was located and from there he was immediately transported to the Lawrence

County Hospital at Moulton, Alabama. The Court further finds that during the ride from the woods to the hospital his leg was bloody and the bone was protruding through the skin. The Court further finds that plaintiff was carried to the Lawrence County Hospital emergency room where he was given two shots for pain by Dr. Hollobaugh, a member of the Lawrence County Hospital Staff; that he was informed there that they could do nothing there to help him, and he was immediately transferred by Grimes Ambulance Service to Decatur General Hospital at Decatur, Alabama. When he arrived at the Decatur General Hospital, he was examined by Dr. C. P. Beddow, who is an orthopedic surgeon. The Court further finds from Dr. Beddow's testimony that when he first examined plaintiff at Decatur General Hospital the plaintiff had an open fracture of his left tibia, which is in the lower extremity below the knee, and further X-rays were made of the leg. The doctor cleansed the wound and made the necessary repairs and, in addition, Dr. Beddow placed transfixion pins through the bone above and below the fracture. The evidence shows that the size of the pins were approximately seven sixty-fourths (7/64) in diameter and approximately eight (8) inches long. After these necessary repairs were made the leg was placed in a cast and the plaintiff was admitted as a patient at Decatur General Hospital, where he stayed until the 6th day of June, 1970. The Court further finds that the plaintiff wore the cast approximately twenty-seven (27) to thirty (30) weeks. After the cast was removed, the Court finds that the plaintiff wore a brace on this leg approximately six to eight months. The Court further finds that on the 23rd day of July, 1970 the pins were removed by Dr. Beddow. The Court further finds from the evidence that from the date of the removal of the pins in July, 1970 through September, 1971 normal progress was made in the healing of the plaintiff's leg.

"The Court further finds, after consideration of the testimony of Dr. Beddow, that the plaintiff has suffered a twenty per cent (20%) body functional disability.

"The Court further finds from the evidence that at the time of the accident the plaintiff was divorced from his wife and had four dependent children under the age of eighteen years, but the Court also finds that prior to and since the accident the plaintiff had not been supporting his children and, therefore, is not entitled to any increase in benefit as a result thereof under the Workmen's Compensation Acts.

"The Court further finds from the evidence that from the date of the injury on May 27, 1970 the plaintiff suffered a temporary total disability, which the Court finds from the evidence continued for a period of thirty-five (35) weeks from the date of the injury. The Court further finds from the evidence that after the thirty-five (35) weeks of temporary total disability the plaintiff suffered a permanent partial disability in the amount of twenty per cent (20%), and that he is entitled to recover compensation for this disability for two hundred sixty-five (265) weeks.

"The Court further finds from the evidence that the injury received at the time and place contained in the complaint was an injury, which under the Alabama Workmen's Compensation Act, is a compensable injury.

"It is THEREFORE, CONSIDERED, ORDERED, AND ADJUDGED by the Court that the plaintiff be, and he is entitled to, compensation for such injury under the Workmen's Compensation Act of Alabama.

"It is FURTHER ORDERED AND ADJUDGED that the plaintiff have and recover of the defendant thirty-five (35) weeks temporary total disability at a rate of Forty-Seven ($47.00) Dollars per week, beginning on May 27, 1970 and continuing through January 30, 1971, said total award under the award of temporary total disability being One Thousand Six Hundred Forty-Five ($1,645.00) Dollars.

"It is FURTHER ORDERED AND ADJUDGED by the Court that the plaintiff be awarded and permanent partial disability in the amount of twenty per cent (20%), for a period of two hundred sixty-five (265) weeks, which amount when computed to dollars would be equal to a sum of Ten and 56/100 ($10.56) Dollars per week, and that he have and recover of the defendant the said sum of Ten and 56/100 ($10.56) Dollars per week for a total of two hundred Sixty-five (265) weeks, for a dollar total of Two Thousand Seven Hundred Ninety-Eight and 40/100 ($2,798.40) Dollars.

"It is FURTHER ORDERED AND ADJUDGED by the Court that the defendant be given credit for the twenty-seven (27) weeks of temporary total disability as set out in the stipulations heretofore paid as a direct charge-off against the award of the Court hereinabove rendered as to the temporary total disability award.

"It is FURTHER ORDERED AND ADJUDGED by the Court that the sum of fifteen (15) percent of the amount of recovery paid be, and the same is hereby, allowed as the fee for the attorney for the plaintiff in this cause.

"It is FURTHER ORDERED by the Court that execution may issue for any amount due or to become due under the terms of this order.

"It is FURTHER ORDERED by the Court that the costs in this proceedings be taxed to the defendant, for the collection of which execution may issue.

"DONE AND ORDERED this 9th day of March, 1972.

 "Billy C. Burney

 BILLY C. BURNEY, CIRCUIT JUDGE

"Filed March 9, 1972"

As raised by the assignments of error and argued in brief, petitioner contends that there are two grounds for reversal of the trial court's judgment and they are: (1) failure on the part of the trial court to include in the order and judgment findings of fact and conclusions of law as required by Title 26, Section 304, Code of Alabama 1940, as Recompiled 1958, as amended; and (2) that the trial court misapplied the law to the facts, in that the trial court awarded compensation for a 20% disability as a whole under Title 26, Section 279(C)6, Code of Alabama 1940, as Recompiled 1958, as amended, when the award should have been for a loss of a leg as prescribed in Title 26, Section 279(C)1, Code of Alabama 1940, as Recompiled 1958, as amended.

As to issue number one petitioner argues in brief that there was a complete omission in the trial court's order of a statement of the law, facts and conclusions upon which the court's judgment is based as required by Section 304, supra. The pertinent portion of Section 304 is as follows:

" . . . This determination shall be filed in writing with the clerk of said court, and judgment shall be entered thereon in the same manner as in causes tried in the said circuit court, and shall contain a statement of the law and facts and conclusions as determined by said judge . . . ."

The decisions of the Supreme Court and this court are as one to the effect that a complete failure to abide by the above cited requirements of Section 304 requires a reversal of the case. Richardson Lumber Co. v. Pounders, 254 Ala. 285, 48 So.2d 228; Bass v. Cowikee Mills, 257 Ala. 280, 58 So. 2d 589; Kearley v. Peterman Lumber Co., 46 Ala.App. 204, 239 So.2d 776; Dale Motels, Inc. v. Crittenden, 49 Ala.App. 51, 268 So.2d 834.

The following judgment in Bass v. Cowikee Mills, supra, is an example of a complete omission of a ". . . statement of the law and facts and conclusions as determined by said judge":

"'After hearing the evidence, the Court being of the opinion, it is considered and ordered by the Court that the plaintiff is not entitled to compensation under

the facts in this case, and, therefore, judgment is hereby rendered by the Court in favor of the defendant and against the plaintiff.' "

Likewise in Kearley v. Peterman Lumber Co., supra, the judgment, which is as follows, was, according to this court, totally devoid of a finding of fact and conclusion of law:

" 'DECREE

" 'This day came the parties and by their attorneys and issue being joined between the parties and after hearing the evidence, the Court being of the opinion and it is the judgment of the Court that the petitioner is not entitled to compensation against the defendant, Peterman Lumber Company.

" 'It is therefore, Considered, Ordered and Adjudged by the Court that the petitioner is not entitled to recover Workmen's Compensation against the defendant, Peterman Lumber Company and the said Peterman Lumber Company be and it is hereby discharged.

" 'It is further Ordered and Decreed that the petitioner pay the cost in this cause for which let execution issue.

" 'Done this 21st day of April, 1970.

" 'R. E. L. Key

Circuit Judge' "

In Bryant v. Central Foundry Co., 217 Ala. 332, 116 So. 345, the Supreme Court said that the requirements of Section 304, supra, envisioned:

" . . . [A] determination by the trial judge of the facts established by the evidence, responsive to the issues presented, with the conclusion as to whether the facts found establish or fail to establish the liability asserted; and there should be a finding of every fact necessary to sustain the judgment of the court."

But, it said in Birson v. Decatur Transfer and Storage, Inc., 271 Ala. 240, 122 So.2d 917, that where the trial court's findings of fact are merely meager or omissive, the reviewing court may look to the evidence to see if it can find any support there for the judgment.

Also, in Calvert v. Funderburg, 284 Ala. 311, 224 So.2d 664, it was held that a substantial compliance with Section 304 is all that is required and that where there was an omission of one of the necessary facts to be found by the trial judge, the appellate court could go to the evidence to see whether or not the judgment could be sustained.

Then, in West Point Manufacturing Co. v. Bennett, 263 Ala. 571, 83 So.2d 303, the Supreme Court said that allegations of the complaint admitted in the answer do not require a finding of fact for there is no issue as to what is admitted, but that all other facts necessary to support the judgment must be set out in the findings. It then listed those facts necessary to be proved in a workman's compensation case, which are:

1. That both parties are subject to the workman's compensation law;

2. That plaintiff was injured;

3. That said injury was caused by an accident;

4. That the accident arose out of and in the course of plaintiff's employment;

5. That the accident-caused injury resulted in disability in some degree for which plaintiff should be compensated; and

6. That the earnings of plaintiff were a certain amount per week.

Just as the two previously discussed approaches to review of a workman's compensation case are to be used in the situations described, a third method of review is to be used where it is contended that the trial judge misapplied the law to the facts. There the reviewing court must go to the record to determine the issue.

In the instant case the only issue or dispute before the trial court for resolution was whether or not respondent suffered a 20% permanent partial disability to his body as a whole and should be compensated accordingly or whether respondent had only suffered a permanent partial disability to his left leg for which he should receive compensation in the amount scheduled for a loss of a leg. The other necessary facts had either been admitted in the answer or agreed to as set out in the stipulation made a part of the trial court's "Order."

The trial court made a specific finding that respondent was 20% permanently partially disabled as to the body as a whole, and based on that finding concluded that he was entitled to compensation at the rate prescribed by the workman's compensation law.

At this point in the case it appears to us that there was a compliance with Section 304, in that there was included with the trial court's judgment a statement of the law, facts and conclusions, but petitioner says there was not a compliance, i. e., there was a complete omission of the Section 304 statement and relies on Leach Manufacturing Co. v. Puckett, 284 Ala. 209, 224 So.2d 242.

In *Leach* there was a recital of the "Decree" filed by the trial judge in the case. A careful examination of this "Decree" will reveal that the necessary facts and conclusions as defined in *West Point Manufacturing Co.*, supra, to support a workman's compensation judgment were included, and we so stated in Dale Motels, Inc. v. Beulah Woodruff Crittenden, supra. However, the Supreme Court said that the necessary statement of law, facts and conclusions was completely omitted from the decree entered by the trial court and this constituted error, but instead of reversing at that point, the court, citing cases relying on the "meager or omissive" doctrine, also said that such omission did not prevent the court from looking at the evidence and deciding whether the judgment was adequately supported. It then determined that the evidence did not support the judgment that Leach was 100% permanently and totally disabled and said that the evidence showed only that Leach was entitled to compensation for the loss of four fingers on one hand.

In deciding the case, after a review of the evidence, the court decided that the trial court had misapplied the law to the facts.

It is our opinion that the *Leach* decision possibly confuses workman's compensation in Alabama on three distinguishable points of law. These are:

1. That where the trial court completely omits to file a statement of facts and law and conclusions, the case must be reversed for such omission to be corrected;

2. That where the trial court files a statement of facts and conclusions, but omits some essential element, the statement is merely meager or omissive and the reviewing court may look to the record to supply the missing element; and

3. That where the finding of facts and law and conclusions is contrary to the evidence, there exists a question of law open to review by the appellate court and such court may go to the record to determine the issue.

The Supreme Court, as we view the decision in *Leach*, found proposition one to exist, applied the procedure allowed in proposition two, and reached the result allowed in proposition three. We think that the court there meant to apply proposition three, and in effect did so. Furthermore, we do not believe that the court intended to overrule all of its prior decisions on propositions one and two as petitioner has contended in argument.

Due to our interpretation of the *Leach* decision, we conclude that the Supreme Court did not mean to say that there was a complete omission of the required Section 304 statement. Hence we do not consider *Leach* to be apt authority for the contention of petitioner that there was an

absence of the Section 304 statement from the trial court's judgment in the case at bar.

Up to this point our discussion of the effect of a failure on the part of the trial judge to include the statement of the law, facts and conclusions with its judgment has been concerned mainly with the omission of a finding of facts for the reason that all of the cases considered concerned this particular omission. But, the petitioner also says that there is no statement of the law in the trial court's statement or order.

In Pinkney v. James B. Clow & Sons, Inc., 277 Ala. 648, 173 So.2d 811, the Supreme Court held that:

" . . . The judgment, as required by § 304, Tit. 26, contains 'a statement of the law and facts and conclusions as determined by' the trial judge . . . ."

An examination of the statement of law as contained in the record of the cited case reveals statements almost identical to those contained in the order of the trial court in the case at bar.

No doubt it would be helpful to this court if the trial judge in his judgment would cite the applicable section of Title 26, Code of Alabama 1940, as Recompiled 1958 which he deemed controlling of his decision as to whether to award compensation and in what amount or to deny compensation. However, where it has been stated, as it was in the instant case, that this case is a workman's compensation case, that plaintiff's injury is compensable under said law, and a determination of the amounts due to be paid for the injury has been made pursuant to said law, we deem this a substantial compliance with that portion of Section 304 requiring the trial judge to file a statement of the law.

In the case before this court we conclude that there was a substantial compliance with that portion of Section 304 requiring a statement of the law, facts and conclusions to be filed by the trial judge.

As to issue number two, petitioner argues that there can be no departure from the schedule in Title 26, Section 279(C)1, supra, for the loss of a member or members unless there exists resulting physical injuries to other parts of the body, and cites *Leach*, supra.

The Supreme Court in *Leach*, supra, said:

"We hold that where there is an injury resulting in the loss of a member, or the loss of the use of a member, so as to invoke payment of compensation as provided in Title 26, § 279(C)1, and where this is not accompanied by other physical disability (of the body), the payment of the specified sum is intended to fully compensate the injured employee for the injury sustained. This would certainly include loss of earning capacity or inability to secure employment. True, in many cases the amount awarded (allowed) seems insufficient or inadequate, but this is a matter entirely within the function of our legislature."

The facts in *Leach* showed that the plaintiff lost the last two digits of the four fingers of his right hand in a job-connected accident. He was at the time of the accident doing work as an electrical and radio repairman. Upon his recovery he was given a job with the same company performing different duties. He testified that he had been unsuccessful in obtaining employment in jobs requiring finger dexterity.

There was no testimony in *Leach*, expert or otherwise, indicating a disability to any part of Leach's body except the loss of the four fingers on his right hand. Therefore, the Supreme Court was correct in concluding that the trial court was not authorized by the evidence to deviate from the schedule of compensation for the loss of fingers as set out in Section 279(C)1, supra. In other words there was no evidence that there was a disability to any other part of Leach's body than his right hand. The trial court's conclusion of 100% permanent and total disability was unsupported by the evidence.

The respondent says that the evidence in the instant case does support the trial court's finding of 20% permanent partial disability to the body as a whole and that its judgment should be affirmed. Respondent then cites us to the cases of Bell v. Driskill, 282 Ala. 640, 213 So.2d 806, and Warrior Stone and Contracting Co. v. De Foor, 241 Ala. 227, 2 So.2d 430, as authority for his contention.

The facts in *Bell* show plaintiff to have received an injury to his knee, requiring two operations on it, and that when he worked his knee would swell and his wife would have to massage it and keep hot pads on it for several hours at the time, that his nervous system was affected as demonstrated by his emotional breakdown at the hearing of his case, and that he would suffer pain which at times would extend into several days. At the time of and for two months after the hearing, plaintiff was under the care of a physician. The doctor testified that plaintiff had a 45% permanent disability to the right leg.

The trial court found that plaintiff was permanently partially disabled and should receive benefits for 300 weeks less the 80 weeks for temporary total disability.

The Supreme Court said that the issue before it for decision was whether plaintiff should be compensated for the loss of his leg under Title 26, Section 279(C)1, supra, or whether he should be compensated under the more remunerative provisions of Section 279(C)6 of said Title, and concluded the question as follows:

"We conclude that although the injury itself is to only one part or member of the body, if the effect of such injury extends to other parts of the body, and produces a greater or more prolonged incapacity than that which naturally results from the specific injury, or the injury causes an abnormal and unusual incapacity with respect to the member, then the employee is not limited in his recovery under the Workmen's Compensation Law to the amount allowed under the schedule for injury to the one member."

In Warrior Stone and Contracting Co. v. De Foor, supra, the Supreme Court said that on review of a judgment in a workman's compensation case, the trial court could look at the evidence to see if the findings of fact were supported, and it concluded that facts found showing that plaintiff's left leg was broken, that the bones in said leg had not healed, were not in alignment but were offset, that plaintiff cannot stand for any length of time, becomes weak and faint after walking short distances, and that he is nervous, were supported by the evidence, and that the judgment of the trial court to the effect that plaintiff had been permanently partially disabled to 80% of his body was sustained.

In the case at bar the evidence shows that respondent suffered a compound fracture of the left leg below the knee as a result of a tree falling on him and pinning him to the ground for a short time, that the bone in the left leg, although it healed, is now shorter than the bone in the right leg, that the leg swells when he stands on it for any length of time, that he suffers pain in his hip, back and shoulder, and he is extremely nervous.

Due to the similarities in the factual situations of the case at bar and the cited cases of Bell v. Driskill, supra, and Warrior Stone and Contracting Co. v. De Foor, supra, we conclude that the trial court's judgment that respondent is entitled to compensation for a 20% permanent partial disability to the body as a whole, as provided in the applicable section of the Alabama workman's compensation law, is supported by the evidence.

In brief petitioner seems to argue that the trial court, in its conclusion or finding as to the extent of respondent's disability, is limited by the testimony of the examining physician.

However, it was said in Kroger v. Millsap, 280 Ala. 531, 196 So.2d 380, that in a workman's compensation case the testimony

of experts is not conclusive on the trial court even though such testimony may be uncontroverted. And in Semmes Nurseries, Inc. v. McVay, 279 Ala. 42, 181 So. 2d 331, the Supreme Court said:

"There is no testimony using the words that plaintiff is partially permanently disabled, or that the extent of the permanent disability is sixty per cent, or any other number of per cent, of plaintiff's whole body. We do not think, however, that the law demands testimony, expert or otherwise in the words 'sixty per cent permanent partial disability,' or any other number of per cent, in order to sustain a finding that plaintiff had a permanent partial disability amounting to sixty per cent of his body as a whole."

Hence, we conclude that the trial court in the instant case was not bound by Dr. Beddow's testimony, but could consider the testimony of the respondent and the respondent's demeanor and actions while being observed in the courtroom, in arriving at a finding of 20% permanent partial disability to the body as a whole.

No reversible error having been argued, the judgment of the trial court is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.