This is a workmen's compensation case.
After an ore tenus hearing, the trial judge found that the employee sustained a permanent partial disability as a result of a work-related accident and awarded compensation. The employer appeals. We affirm.
The record reveals the following: The employee worked in the employer's underground coal mine as a roof bolt pinner. He installed support pins in the roof of mine shafts. He is fifty-four years old, married and the father of six. Prior to his employment with Republic Steel, he was a manual laborer. He has no other skills or job training and has a fourth grade education. In September, 1975, a rock fell from the roof of the mine shaft in which he worked, striking him on the right foot causing multiple and compound fractures.
The employee was hospitalized initially for thirteen days, at which time the lower leg was placed in a cast. He wore the cast for nine months. Since September of 1975, he has been repeatedly hospitalized for up to two weeks at a time. He has had surgery on his foot at least three times. He has been under the constant care of orthopedic surgeons.
Based upon these facts, the learned judge found that the employee, in his partially *Page 295 
disabled condition, "suffered and sustained a permanent decrease in his earnings capacity to the extent of 30.9% or in his partially disabled condition, he is able to earn 69.1% of his average weekly earnings at the time of said accident." The court awarded compensation and the employer appealed.
The dispositive issues on appeal are (1) whether the trial court's decree, as a matter of law, substantially complied with the requirements of the Code of Ala. 1975, § 25-5-88, in that the court's findings of fact and conclusions of law were legally sufficient and (2) whether there is evidence to support the court's finding that the employee's injury is a permanent partial disability to the body as opposed to an injury to a specific body member.
Able counsel for the employer, who has favored this court with an excellent brief, contends that the court's order is fatally defective because it fails to state the law applicable to the case as required by the Code of Ala. 1975, § 25-5-88. Specifically, it is contended that the order must state the section of the Workmen's Compensation Act upon which the recovery is based rather than a general statement that the controversy is governed by the Act. We do not agree.
Section 25-5-88 provides essentially that the judgment of the trial court shall contain a statement of the law applicable to the case, the facts as they relate to the law, and the resulting conclusions. Code of Ala. 1975, § 25-5-88. This court has held that substantial compliance with this section will suffice. Defense Ordinance Corp. v. England, 52 Ala. App. 565,295 So.2d 419 (1974); Henderson v. Johnson, 49 Ala. App. 191,269 So.2d 905 (1972).
Contrary to the employer's assertion, there is no requirement that the decree must expressly state the relevant provisions of the Act upon which recovery is granted. Henderson, supra. As Judge Bradley stated in Henderson:
 No doubt it would be helpful to this court if the trial judge in his judgment would cite the applicable section of Title 26, Code of Alabama 1940, as Recompiled 1958 which he deemed controlling of his decision. . . . However, where it has been stated . . . that this case is a workman's compensation case, that plaintiff's injury is compensable under said law, and a determination of the amounts due to be paid for the injury has been made pursuant to said law, we deem this a substantial compliance with that portion of Section 304 requiring the trial judge to file a statement of the law. 49 Ala. App. at 198, 269 So.2d at 911.
Without setting forth the text of the instant decree, our review of the order clearly indicates that it substantially includes all the requisite information mandated by § 25-5-88. The decree includes, among other matters of law and fact, a statement that the case is governed by the Workmen's Compensation Act of Alabama. It further provides that as a result of the employee's work related injury, the employee sustained a 30.9% permanent decrease in his earning capacity. Given these and the court's other relevant findings, we hold that the instant decree meets the requirements of Code of Ala. 1975, § 25-5-88.
Furthermore, the best that can be said regarding the employer's contention that the findings of fact and conclusions of law in the decree do not satisfy § 25-5-88 is that these findings and conclusions may be "meager and omissive." Even assuming arguendo that the "meager and omissive" doctrine does apply, as noted above, our examination of the record indicates that the order musters the requirements of the statute.Henderson, supra.
The employer next contends that the judgment is not factually supported by the record. With regard to this contention, it is argued that the evidence fails to support a finding that the employee sustained a permanent partial disability to any part of his body other than his right foot. As a consequence, the employer maintains recovery should have been limited to the 139 week period authorized by § 25-5-57 (a)(3)a. 14 for loss of a foot. *Page 296 
This court is not unfamiliar with the issue. As we stated inRichardson Homes Corp. v. Shelton, Ala.Civ.App.,336 So.2d 1367, 1369 (1976):
 The problem of injury and award therefor to a specific member of the body . . . versus an injury and award to the body as a whole pursuant to § 279 (c)(6) has been discussed by the appellate court of this state on numerous occasions. . . . Suffice it to say that our courts have held that even though the injury is to a scheduled member, if the effects of such injury extend to other parts of the body, and produce a greater or more prolonged incapacity than that which naturally results from the specific injury, then the employee is not limited in his recovery to the amount of allowed for the member in the schedule. (Citations omitted.)
In addition, under our standard of review in workmen's compensation cases, this court will not weigh the evidence.Fairfax Mfg. Co. v. Bragg, Ala.Civ.App., 342 So.2d 17 (1977). Instead, if there is any legal evidence to support the findings of fact of the trial court, those findings will not be disturbed on appeal. Dan River Mills, Inc. v. Foshee, Ala.Civ.App., 365 So.2d 1232 (1979). As set forth below, our review of the record indicates that there is evidence to support the conclusion that, though the injury was to a scheduled member, the effects of the injury produced "a greater or more prolonged incapacity than that which naturally results from the specific injury." Richardson, supra.
The employee testified that the ankle causes him constant pain and becomes swollen after short periods of standing. He cannot stand for extended periods, lift heavy weights or apply pressure on the injured foot. He can walk but only with extreme difficulty. At times, fluids drain from the infected area inside the ankle.
The employee further stated that because he cannot perform any labor which involves prolonged pressure on his foot, he is no longer able to work at any of the jobs which he had in the past. He testified that he has no other skills. His incapacity is such that he is unable to accomplish the most menial tasks such as planting his garden.
The testimony of the employee on these matters is corroborated by the testimony of his wife of twenty-seven years and two neighbors of long acquaintance.
We find in this testimony ample evidence to support a finding that the effects of the employee's injury extended to other parts of his body and were greater and more prolonged than normally associated with an injury to the foot. When the education and employment experience of the employee are considered, the effect of the injury is such as to render him unable to pursue any of his previous occupations or activities. Therefore, the trial court's finding that the employee is permanently partially disabled will not be disturbed by this court. Where, as here, an injury to one part of the body leads to greater incapacity than that which normally results from the specific injury, the employee is not limited in his recovery to the amount allowed for the member in the schedule. Richardson,supra.
We therefore hold that the trial court's decree meets the requirements of Code of Ala. 1975, § 25-5-88, and that the injury to the employee was properly compensable under § 25-5-57
(a)(3)g. as an unscheduled permanent partial disability.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur. *Page 297