This is a workmen's compensation case. Plaintiff received an injury to his back while moving logs. He was determined by the trial court to have sustained as a result of the injury a permanent partial disability resulting in a sixty-five percent loss of ability to earn. We affirm.
The issue is whether the evidence sustains the award or, put another way, whether the court could lawfully find a sixty-five percent loss of ability to earn when medical evidence of physical disability did not exceed ten percent of the body as a whole.
The evidence was that claimant had worked for the City of Enterprise for a total of about seventeen years. He was classified as a heavy equipment operator. He was forty-eight years of age at the time of injury and had always worked at manual labor. He had only a third grade education. After his injury he immediately reported to his supervisor and sought medical attention the next day. He thereafter went to two orthopedists for treatment and submitted to a myelogram. The physicians found extensive arthritic spurs of the lumbar region and diagnosed his injury as a back strain aggravating his arthritis. He was advised to wear back braces and take certain exercises. Lifting was limited to no more than twenty-five pounds. After continuing to report severe back pain radiating into his leg without improvement, claimant was advised to try a pain-blocking device called a percutaneous stimulator. He has used the device regularly and receives some relief from pain but not total. There was testimony that he could do light work but could not do heavy manual labor. He testified that he had sought light work with the City and others but was unable to secure such work. The City, for six months after the injury, supplemented his compensation insurance sufficiently to total his regular wages before his injury. After six months, compensation and employment were terminated.
The City contends on this appeal that there was insufficient proof to sustain the finding of a sixty-five percent permanent partial disability. It is to be noted that the trial court correctly pointed out in its judgment that the testimony as to physical disability of the body is not the sole determinative factor in reaching the required factual conclusion as to the percentage loss of earning capacity. There are other factors such as education, age, experience, etc. which affect employability and thus earning capacity, which are to be considered by the court. This has been said in prior decisions.Brooks v. Crimson Homes, Inc., 51 Ala. App. 252, 284 So.2d 279
(1973); B.F. Goodrich Co. v. Martin, 47 Ala. App. 244,253 So.2d 37 (1971); Goodyear Tire Rubber Co. v. Downey, 266 Ala. 344,96 So.2d 278 (1957). In addition to the evidence which we have heretofore related, there was testimony that claimant had *Page 360 
attempted to secure employment which his doctors stated he was physically able to perform but had been unsuccessful. He had attempted employment such as truck driving and been unable to perform. In fact, the evidence before the court with its reasonable inferences, was that claimant was unemployable because of his injury which, although of small physical disablement, prevented his performing the only jobs he was qualified to perform. He had no post-injury earning history; thus the record is devoid of evidence that he had any earning capacity at all in his disabled condition.
It has been said that the trial court is not bound in its ultimate conclusion of disability by expert testimony. CarrollConstruction Co., Inc. v. Hutcheson, 347 So.2d 527
(Ala.Civ.App. 1977). The court looks to the total picture framed by the evidence and what it sees of the claimant in reaching its decision. Having reached a conclusion of fact, and entered judgment, this court reviews such conclusion of the trial court only to determine if it is supported by any legal evidence. We review the judgment only to determine if it contains the proper application of law to the facts. NewmanBrothers v. McDowell, 354 So.2d 1138 (Ala.App. 1977); cert.denied, 354 So.2d 1142 (Ala. 1978).
Defendant contends the finding of fact and conclusions of law made by the trial judge are insufficient under the requirements of § 25-5-88, Code of Alabama (1975). We do not agree. The court made sufficient finding of fact and conclusions as to the matters disputed, and specifically stated in the judgment that the only controversy was the degree of disability. Boatright v.Dothan Aviation Corp., 278 Ala. 142, 176 So.2d 500 (1965). We have also looked to the evidence ourselves and find the judgment sustained therein. Henderson v. Johnson, 49 Ala. App. 191, 269 So.2d 905.
Defendant contends the court erred in entering judgment for medical expense. We find no error here. Defendant's complaint is that medical expense was not shown to be reasonable. We find no objection to the admission of the evidence on that ground. The trial court cannot be charged with error except upon its rulings and orders. Since it was not called upon to rule upon the admissibility of the testimony as to medical expense on the ground now charged, it cannot be charged with error on appeal. Rule 4 (a)(3), ARAP.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.