BRADLEY, Judge.
This is a workmen’s compensation case.
Barry Scott, an employee of Harley Davidson Motor Company, was injured on August 5, 1981 while performing his job of a test rider mechanic. After being treated in Citizens Hospital, Talladega, Alabama, as an emergency patient, Scott was released that same day. Later that day Scott consulted Dr. Graves. Dr. Graves found that Scott had suffered bruises and scrapes to his left hand and arm and to his back. There was no complaint of neck injury.
The first time that Scott complained of pain to the neck was in February 1982, when he consulted a chiropractor.
Scott filed a workmen’s compensation claim in the Circuit Court of Etowah County in July 1982, alleging that he had suffered a neck injury while working for Harley Davidson. The case was tried on August 29, 1983 and judgment rendered for employer on September 20, 1983. Scott appeals.
Scott says here that the trial court erred by failing to comply with the requirements of section 25-5-88, Code 1975. He says that the trial court's findings of fact and conclusions of law failed to include a statement or reference to the law upon which the court made its decision.
In essence, section 25-5-88 requires the trial court to include in its judgment a statement of the law applicable to the case, the facts as they relate to the law, and the resulting conclusion. We have held that substantial compliance with this section is sufficient. Republic Steel Corp. v. Kimbrell, 370 So.2d 294 (Ala.Civ.App.), cert. denied, 370 So.2d 297 (Ala.1979).
Of course, as we have also said, it would be helpful to this court for the trial court to include in its judgment the applicable section or sections of the workmen’s compensation law being relied on by the court. Henderson v. Johnson, 49 Ala.App. 191, 269 So.2d 905 (Ala.Civ.App.1972). But, where it clearly appears from the record that the case is a workmen’s compensation case and that a determination has been made by the trial court that the claimant is not entitled to benefits, we consider that a substantial compliance has been made with that portion of section 25-5-88 which requires the trial court to include a statement of the law in its judgment.
In the case at bar, it was clearly evident that Scott was an employee of Harley Davidson, that he was injured while on the job, and that he was claiming benefits as a result of that injury. After detailing the facts relating to Scott’s injury, the trial court found that Scott had not proved that he had suffered a compensable injury while employed by Harley Davidson.
We consider the trial court’s judgment to be in substantial compliance with the provisions of section 25-5-88.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.