This appeal is from a judgment granting a claim for workmen's compensation.
Plaintiff had been working at defendant's poultry processing plant — using scissors to debone chicken — less than three months, when she began to experience pain and swelling in her right hand. Her employer referred her to medical personnel for treatment; she eventually had surgery on her hand to relieve a condition known as carpal tunnel syndrome. She returned to lighter duty at work but within three weeks began to experience a recurrence of her previous symptoms. She was subsequently diagnosed as having developed sympathetic dystrophy, a condition causing swelling, discoloration, sweating, decreased motion and pain in the hand, for which she underwent a series of injections in her neck. The trial court found that she "continues to suffer soreness, weakness and swelling in her right hand to such a degree that she cannot make any substantial use of the same on a continuous basis . . . ." and returned a judgment in her favor. The plaintiff is twenty-eight years old and has an eleventh-grade education. Other than previous unskilled labor with the defendant, plaintiff's work experience consists of employment as a waitress. She is right-handed.
The employer appeals asserting two errors: (1) that there is no evidence to support the court's finding that the injury *Page 1130 
extended to the body as a whole; and (2) that there is no evidence to support the court's finding that claimant suffered a temporary partial disability of fifty percent. We affirm.
The appellant contends that the following finding is not based on any competent evidence:
 "[T]hat said condition or conditions cause plaintiff discomfort, soreness, swelling and pain, and disturbs her ability to concentrate and produces the usual conditions and disabilities associated with pain. The court thus finds that the injury from which the plaintiff suffers is to the body as a whole and that the condition of her hand affects other bodily functions."
Our review of the record reveals that plaintiff developed a separate infirmity as a result of her original injury, one from which she still suffers. The trial judge himself elicited testimony on the diminished strength in her hand, continuing pain and the effect which exercising or using the hand has on the existing pain and loss of strength. In evidence was the deposition of an orthopedic surgeon who concluded that any work that would not cause plaintiff pain would be hard to find. Previous cases have held on facts similar to ours — i.e., where the effects of the specific injury consisted of pain, swelling, discoloration and an exacerbation of these symptoms whenever the member was used over time — that the injury extended to the body as a whole. See Republic Steel Corporationv. Kimbrell, 370 So.2d 294 (Ala.Civ.App. 1979); RichardsonHomes Corporation v. Shelton, 336 So.2d 1367 (Ala.Civ.App. 1976).
We have held that where "an injury to one part of the body leads to greater incapacity than that which normally results from the specific injury, the employee is not limited in his recovery to the amount allowed for the member in the schedule."Republic, supra, at 296. This principle is applied "even though the injury is to a scheduled member, if the effects of suchinjury extend to other parts of the body, and produce a greater incapacity than that which naturally results from the specific injury." Richardson, supra, at 1369. In reviewing workmen's compensation cases our inquiry is limited to a determination of whether there is any evidence to support the trial court's finding. Ray Motels, Inc. v. Griffin, 428 So.2d 107
(Ala.Civ.App. 1983). Given this standard, we ask whether there is any evidence upon which the trial court could support its finding that the injury or the effects of the injury led to a greater incapacity than that which normally results from the injury.
While the evidence is perhaps not overwhelming that the injury extended beyond the hand, there is legal evidence upon which the trial court could find that it did so. The finding is strengthened when plaintiff's education and employment experience are considered, and the effect which her injury will have on her ability to pursue any of her previous occupations or activities. Republic, supra. We hold that the trial court did not err in finding that plaintiff's injury extended to her body as a whole.
Appellant also contends that the trial court erred in finding that plaintiff suffered a temporary partial disability of fifty percent for twenty-two weeks. We find no error in the application by the court of the statutory formula in computing the compensation due. It is required that the percentage of decreased earning capacity be ascertained. Alabama By-ProductsCo. v. Landgraff, 248 Ala. 253, 27 So.2d 215 (1946). That was done. Appellant contends that because there was testimony that plaintiff received the same salary after the accident as she did before, that there was no loss of earning capacity.Goodyear Tire and Rubber Company v. Downey, 266 Ala. 344,96 So.2d 278 (1957), states the proposition that a trial court is not bound by the comparative wages received in its determination of what plaintiff is able to earn in her partially disabled condition. Landgraff, supra, 27 So.2d at 220 — upon which appellant bases its argument — permits a judicial reduction in actual *Page 1131 
earnings to that justified by earning capacity. There is nothing in the record to indicate that the trial court misapplied the law to the instant facts.
We find there was evidence upon which to base a finding that the period of temporary disability was twenty-two weeks. There was evidence in which a doctor recommended surgery if plaintiff's condition worsened. This exhibit was a letter dated one week after the time fixed by the trial court as the beginning of plaintiff's disability. To infer that plaintiff was disabled at least a week before surgery was considered is not unreasonable. Neither is it unreasonable to find that plaintiff's temporary partial disability ran from this date to the date of maximum medical improvement. It seems logical, if not obvious, to assume that plaintiff was disabled during this period, given the fact of her permanent partial disability which followed it. To assume otherwise would be unreasonable. We therefore hold that the trial court did not err in finding that plaintiff suffered a temporary partial disability of fifty percent for twenty-two weeks.
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.