244 So.2d 809

**Mrs. Ray Hamilton MYERS**

v.

**JUNEMAN ELECTRIC COMPANY.**

**6 Div. 70.**

Court of Civil Appeals of Alabama.

Feb. 17, 1971.

Fred Blanton, Birmingham, for petitioner.

H. H. Grooms, Jr., and Spain, Gillon, Riley, Tate & Ansley, Birmingham, for respondent.

WRIGHT, Judge.

Mrs. Ray Hamilton Myers, widow of Ray Hamilton Myers, brought suit under the Workmen's Compensation Act to recover benefits due for the death of her husband. Myers died on August 12, 1968, while on the job as an employee of Juneman Electric Company, Inc.

Trial was held before the court which denied the relief sought by petitioner. From the finding by the trial court that the deceased did not die as a result of an accident within the meaning of Title 26, Sections 253 and 262(i) and (j), Code of Alabama 1940, petitioner brings this petition for review by certiorari.

The petition of appellant in the court below alleged that the deceased died as a result of heat stroke while working for appellee in the TCI plant of United States Steel Corporation in Jefferson County, Alabama.

By answer, appellee admitted all of the allegations of the petition except those alleging death by injury resulting from an accident—namely, a heat stroke while deceased was engaged in the line and scope of his employment. Therefore the inquiry before the trial court was whether the deceased's death was caused by an accident arising out of and in the course of his employment.

It is well settled that the duty of this Court on review by certiorari is to determine if the finding of fact in the judgment below is reasonably supported by any legal evidence, and if the law has been properly applied to the finding of fact if sustained by the evidence. Reynolds Metals Company v. Gray, 278 Ala. 309, 178 So.2d 87.

The judgment below recites that the deceased was working for appellee in the plant of United States Steel at the site of "soaking pits." This was an area where the temperature inside the "pits" ranged up to 2000 degrees Fahrenheit. Deceased, along with other employees worked immediately outside the brick walls of the "pit", upon scaffolding ten or twelve feet above ground level. Deceased's job was to "tack" weld brackets to the outer wall of the "pit." In addition to the heat from the pits the weather was hot.

The deceased and others had worked in this area for several days. It was so hot that workers could only stay in the area a few minutes at a time and then retreat for a cooling period.

Deceased returned from a fifteen or twenty minute break to the working area. He climbed the scaffold with his welding torch and helmet. After being in place for a period of time—testimony varied from one-half minute to five minutes—deceased was observed to begin to fall. Fellow workers came to his aid and lowered him to a catwalk and away from the pits. He was flushed of face, his ears were blue and he was gasping for breath. Resuscitation failed and he was dead on arrival at the hospital.

He had not complained of feeling unwell and appeared normal at the time he mounted the scaffold.

An autopsy was performed by Dr. Hartwell Davis, Jr. a skilled pathologist. His objective findings disclosed no indication of heat stroke. He found no pathological evidence of a heart attack, but did find physiological conditions which together with information of the sudden death without premonitory symptoms, led to his judgment that death was due to a heart attack.

There was testimony by another doctor, based upon a reading of the pathological findings of the autopsy report, together with information as to the working conditions and the fact of sudden death, that in his opinion death was caused by heat stroke. This opinion was given in response to a hypothetical question. Upon cross examination the witness stated his opinion would be affected by the fact that the deceased had exhibited no premonitory symptoms, had appeared normal, had not been engaged in strenuous work, had just come off a fifteen to twenty minute break, and had dropped dead suddenly.

Although not specifically stated in the judgment, the substance of the court's statement of fact is that the deceased died, not as a result of heat stroke, but from a heart attack. The following appears in the judgment: "There is no evidence to prove that the deceased's work produced the heart attack."

We must agree with this statement of the trial court. It was the charge of petitioner that the cause of death was heat stroke and all of his effort at proof was directed to that end. After evidence tending to show death by heart attack, petitioner refused to accept this cause of death and made no effort to prove that a heart attack was, or could have been produced or triggered by the activity and conditions of deceased's employment. In the absence of such proof, the trial court was not at liberty to guess or speculate that the job brought on the heart attack. The prevailing principle in such a case is stated in Alabama Pipe Co. v. Wofford, 253 Ala. 610, 46 So.2d 404 as follows:

"* * * In line with the authorities generally, that the Workmen's Compensation Act should be construed liberally in favor of the employee to advance its benevolent objects, this court has been very liberal in its own interpretation of facts to sustain an injury in such cases. Usually, as in this case, the facts present aspects of strong sympathetic appeal. But it must be steadily borne in mind that we can't guess a defendant into liability and without proof in the instant case that there was a causal relation or connection between the deceased's death and his hazard of employment, it would

be only conjectural that his death resulted from an accident arising out of and in the course of his employment * * * "

This quotation is applicable in every aspect to the case at hand.

The burden of proof on petitioner in a Workmen's Compensation case, in spite of its benevolent purpose and liberality of rules of pleading, is no less than in any other action at law for compensation for injury or death. Claimant was required to prove by competent evidence that the death of her husband was due to an accident proximately caused by the conditions and hazards of his employment. Alabama Pipe Co. v. Wofford, supra; Southern Cotton Oil Co. v. Bruce, 249 Ala. 675, 32 So.2d 666; Alabama Textile Products Corp. v. Granthum, 263 Ala. 179, 82 So.2d 204.

It was the conclusion of the trial court that the deceased Myers did not die as a result of an accident within the meaning of the Workmen's Compensation Act. This was the only conclusion possible after the court found as a fact that deceased died from a heart attack, and no proof was offered that the job caused the heart attack. To the contrary, it was the theory of petitioner that the conditions and hazards of the job could only have caused death by heat stroke.

From our examination of the evidence, we find that there was sufficient legal evidence to support the judgment of the trial court that deceased died not as a result of a heat stroke, but from a heart attack. We cannot hold that the court's conclusion that there was no evidence of a causal connection between the heart attack and the conditions and hazards of deceased's employment is palpably wrong.

The question of whether there was no evidence or merely some evidence is academic and not material to our consideration. The burden of claimant below was to present sufficient evidence to reasonably satisfy the trial court that the death of deceased was due to accident arising out of and in the course of his employment. Title 26, Section 253, Code of Alabama 1940. Textile Products Corp. v. Grantham, supra.

It is not the province of this court on certiorari to consider the weight or preponderance of the evidence before the trial court. We can only review to determine if the judgment of the court is sustained by the legal evidence, or by the lack of legal evidence in this instance. Williams v. Tennessee Valley Butane Co., 265 Ala. 145, 90 So.2d 84.

Affirmed.