259 So.2d 291

**DANIEL ORNAMENTAL IRON COMPANY, Inc.**

v.

**Donald Harris BLACK, Jr.**

**6 Div. 55.**

Court of Civil Appeals of Alabama.

March 10, 1971.

Rehearing Denied March 31, 1971.

James M. Hamrick and Brobston & Brobston, Bessemer, for appellee.

Huey, Stone & Patton, Bessemer, for appellant.

**WRIGHT, Judge.**

Suit below was brought by appellee, Donald Harris Black, Jr. against Daniel Ornamental Iron Company, appellant here, for sum due under the Workmen's Compensation law.

Appellee, a welder, suffered a back injury as a result of an accident which arose out of and in the course of his employment. Appellee submitted himself to examination by appellant's doctors. The examination included a myelogram performed by an orthopedic surgeon, Dr. Bruhn. The myelogram indicated two herniated discs of the lumbar spine. An operation called a laminectomy was performed. The purpose of the laminectomy was the removal of the affected discs.

After the operation, appellee still complained of pain in the back and legs and again consulted Dr. Bruhn. From consideration of a subjective examination, Dr. Bruhn felt that there might be nerve root pressure in the spine. Such pressure could result from another herniated disc, nerve scarring from the operation, or from movement of portions of discs not fully removed in the operation. To locate the affected area and the possible cause of the pain would require another myelogram. If the myelogram so indicated, another operation would be required. Such operation would be either another laminectomy or a spinal fusion. The doctors recommended the myelogram and an operation if indicated.

Appellee refused to submit to another myelogram or operation.

Because of the refusal by appellee of medical treatment extended, appellant suspended payment of compensation payments to appellee under authority of Title 26, Section 293, Code of Alabama 1940, Recompiled 1958.

To appellee's suit for compensation, appellant by answer presented the fact of its suspension of payments and averred that appellee had unreasonably refused to submit to medical treatment offered.

The portion of Title 26, Section 293 relied upon by appellant is as follows:

" * * * If the injured employee refuses to comply with any reasonable request for examination or refuses to submit to medical and surgical treatment and attention, or refuses to accept the medical service which the employer elects to furnish under the provisions of this chapter his right to compensation shall be suspended, and no compensation shall be payable for the period of such refusal. * * *"

After trial, the court entered an extensive finding of fact with conclusions of law. In its finding of fact, the court found that the doctors had advised appellee that he should submit to a myelogram and if indicated, further surgical procedures, and that appellee had refused such examination and surgery. It further concluded that the refusal by appellee was unreasonable in light of the medical testimony.

In spite of such finding, the court entered judgment for appellee for a total award of 6278.40, plus payments previously made. This sum represented twenty weeks of temporary total disability and two hun-

dred and eighty weeks of 40% permanent partial disability of the body as a whole.

For better understanding of following discussion we set out a portion of the court's finding as follows:

"* * * This court finds, based upon the medical testimony, that the plaintiff was unreasonable in his refusal to submit to further operative procedures, including the myelogram examination, and that had such operation been performed, plaintiff's impairment would have been reduced to a 20% permanent impairment to his body as a whole following his post-operative recovery, which would be anticipated to last six weeks. The court, therefore finds that the plaintiff was entitled to payment for temporary disability for a period of 20 weeks at the rate of $44.00 per week, based upon plaintiff's average weekly earnings, as an employee of the defendant, of $82.60 per week.

"The court further finds the plaintiff to be a 27-year old while (sic) male, married with three dependent children, who dropped out of school in the 8th grade at the age of 17. The plaintiff did poorly in school and received no academic training after leaving school. He spent several years in the Military Service, and after his discharge, he went to vocational school where he learned welding, a trade requiring lifting, climbing and other forms of strenuous manual labor. It appeared from the testimony of Dr. Benjamin Morton, a psychiatrist, that the plaintiff suffered from a psychoneurosis which resulted from or was aggravated by his injury. Based on the medical testimony, the plaintiff would not be physically qualified to perform this type or any other type of heavy manual labor, regardless of whether plaintiff submitted to and received beneficial medical treatment.

"Taking into consideration the plaintiff's limited education, his poor scholastic achievements, his vocation background and training, and his physical impairment, the court finds that the plaintiff has a permanent disability to his body as a whole of 40%, and that this disability was caused by an accident arising out of and in the course of his employment by defendant * * *"

Appellant has stated that his assignments of error raise two points for review. (1) The judgment of the trial court awarding Workmen's Compensation benefits to the plaintiff, after finding that he had unreasonably refused to submit to examinations and surgical treatment duly tendered by the defendant, is contrary to Title 26, Section 293 of the Code. (2) The trial court erred in finding and rendering a judgment awarding compensation to the plaintiff for a 40% permanent partial disability to his body as a whole.

We will consider these points in order of presentation.

As in every review by certiorari of the proceedings in a Workmen's Compensation case, we are bound by the findings of fact of the trial court if such findings are supported by any legal evidence. Woodward Iron Co. v. Vines, 217 Ala. 369, 116 So. 514. However, we may review the legal conclusions drawn from the facts and inferences of fact. If such conclusions are not supported by any reasonable view of the evidence they may be set aside. Sloss-Sheffield Steel & Iron Co. v. Thomas, 220 Ala. 686, 127 So. 165; Bass v. Cowikee Mills, 259 Ala. 391, 67 So.2d 12.

The finding or conclusion of the court that appellee unreasonably refused the second myelogram examination, and if recommended, subsequent surgical procedure, is not for review under the issues raised by this appeal. We do not consider whether such finding is supported by the evidence or is in accordance with applicable principles of law. There was no cross-appeal presenting such finding for our consideration. The question presented is whether after such finding—was the court legally authorized to proceed further and enter judgment for compensation?

In the instant case, and in the manner in which the amount of compensation due was determined, we do not think such action was legally proper.

After determining that appellee had unreasonably refused examination and possible treatment, which could, if necessary and performed successfully reduce disability, the court proceeded to award compensation on the premise that surgical procedure was necessary and would have been performed successfully thereby diminishing permanent disability. In addition, six weeks of temporary total disability was awarded on the premise that an operation would have been determined to be necessary. Such determination was based upon pure speculation. Such speculation resulted in benefit to appellee as to award of temporary total disability and a detriment to appellee by assuming that an operation would diminish his degree of permanent partial disability. On the other hand, such speculation resulted in additional cost to appellant for payment of temporary total benefits without such being actually experienced.

The speculation involved first was that a myelogram would have indicated a requirement for a second operation and the type and location of such operation. The second speculation was that the operation would have been successful.

The total effect of the judgment was to ignore the finding that appellee's refusal to submit to examination was unreasonable and to grant to appellee compensation as if he had fully cooperated and submitted to examination and surgery, and assumed as fact that which appellant sought to determine by the only reliable medical examination. Rather than being penalized for his unreasonable refusal to cooperate as required by statute, the judgment rewarded him by granting the compensation he would presumably have been due had he fully cooperated. In addition, he was spared the pain and anxiety of the myelographic examination and the presumed subsequent necessary operation.

It is appellant's contention that appellee's continued claim of back problems after the first successful operation was unfounded. It was the testimony of the medical experts that the only means of determining the truth of such claim with reasonable medical certainty was by a myelogram. The trial court found that the refusal of appellee to submit to such myelogram was unreasonable. Title 26, Section 293, requires that compensation be suspended in the presence of such unreasonable refusal. We can see no legal basis therefore for an award of compensation founded upon speculative results of compliance while such unreasonable refusal continues. To do so would render the statute of no force and effect.

We wish to make clear that this decision does not preclude, in the proper case, an award for present and conclusively established permanent disability that refused examination and treatment would in no way affect. If the evidence presented in a case were to indicate that treatment extended would not remove or modify an existing disability, it would appear that refusal of such treatment would not be unreasonable, and denial of compensation would not be proper. We reiterate, such question is not presented under the appeal in this case.

Our consideration of the second point presented by appellant is unnecessary to the disposition of this appeal. However, since the award of compensation was at least partially based upon speculative results of an operation not determined to be necessary, and not actually performed, such award is not supported by legal evidence and must be considered erroneous.

The judgment of the trial court is reversed for that it is contrary to law. The cause is remanded to the court below.

Reversed and remanded.