259 So.2d 295

**In re DANIEL ORNAMENTAL IRON COMPANY, Inc.**

**v.**

**Donald Harris BLACK, Jr.**

**Ex parte Donald Harris BLACK, Jr.**

**6 Div. 864.**

Supreme Court of Alabama.

March 9, 1972.

James M. Hamrick and Brobston & Brobston, Bessemer, for petitioner.

Huey Stone & Patton, Bessemer, opposed.

**HARWOOD, Justice.**

The petition for a writ of certiorari was of course accompanied by a brief in petitioner's behalf. No brief was received in opposition to the petition.

Having read petitioner's brief and the opinion of the Court of Civil Appeals, 259 So.2d 291, we felt that a full review should be accorded the petitioner and accordingly granted the writ and set the cause down for argument, there being unusual facets in this case.

Having heard the arguments of respective counsel, and studied their briefs, we have concluded that the conclusion of the Court of Civil Appeals is correct under the facts and the posture of the case made by the decree of the trial court. It follows

that the judgment of the Court of Civil Appeals is due to be affirmed and it is so ordered.

Affirmed.

LAWSON, MERRILL, COLEMAN, BLOODWORTH, MADDOX and McCALL, JJ., concur.

HEFLIN, C. J., dissents.

HEFLIN, Chief Justice (dissenting):

The petitioner (the injured employee) sought a writ of certiorari to the Court of Civil Appeals contending that a material question requiring a decision of first impression in Alabama is presented. The petitioner contended that there is no decision of this Court determining the propriety of awarding workman's compensation to an injured employee who unreasonably refuses further medical treatment which would leave the employee with a determinable degree of permanent disability, even if such treatment was successful. No case has been cited to this Court and I have found no case in Alabama on this point. This Court on preliminary examination granted the writ. This Court now affirms the Opinion of the Court of Civil Appeals. I must respectfully dissent.

I interpret a portion of the Opinion of the Court of Civil Appeals in this cause as concluding that § 293 of Title 26 of the Code of Alabama, 1940, as amended, does not prevent a trial court from making an award to an injured employee who has a permanent disability when the injured employee has unreasonably refused further treatment (When the word "treatment" appears herein, it is intended to be all inclusive, including surgery.) provided the employee has *a present* and *conclusively established permanent disability* which further treatment would in no way affect.

I agree with the Court of Civil Appeals down to the proviso, but I think that the proviso's standard of the Court of Civil Appeals is too narrow and restrictive.

Let us consider the Court of Civil Appeals' standard in the proviso in a hypothetical case. Following a laminectomy, an injured employee is left with a permanent partial disability which further treatment will not reduce or affect. However, his surgeons differ as to the amount of such permanent disability; one says it is 35% and the other feels it is 40%. He suffers an aggravating attack of low back pain and his present disability is increased to temporary total disability (100%). Hoping to reduce his present temporary total disability back to the 35% to 40% range, the surgeons recommend that additional surgery be performed. The employee unreasonably refuses such surgery. Suit is brought. At the time of the trial, both surgeons agree the employee is 100% disabled. Both surgeons testify that if the second operation is completely successful he will have a permanent partial disability. One thinks that the permanent disability will be 35%; the other says 40%. Should the injured employee be denied an award for permanent disability within the bounds of 35% to 40%?

Under the standards of the Opinion of the Court of Civil Appeals the injured employee would have to prove that a permanent disability in the 35% to 40% range was "present and conclusively established". Such term is not defined but in the application of this standard to the facts of the instant case the Court of Civil Appeals applies it in a very restrictive manner. It appears that the Court of Civil Appeals requires that the amount of permanent disability be conclusively established at the time of the trial and that it be present at such time. Such interpretation would not allow for differences in opinions of expert medical witnesses pertaining to percentages of permanent disability. In fact, the Court of Civil Appeals' approach to the facts of the instant case indicates that it is speculation for a medical expert to anticipate the amount of permanent disability that a person will have following a completely successful operation. I do not consider the

expression of such an opinion as being speculation. The very nature of opinion testimony concerning any permanent disability involves an educated guess on the part of trained medical experts concerning the future. To me, the standard that the permanent disability be "determinable" is more reasonable and certain than the requirement that the permanent disability be "present and conclusively established". The facts of the hypothetical case have many similarities to the case at bar.

In order to give certainty and reasonableness to the standard, I suggest the following:

> If an injured employee has a determinable amount of permanent disability as a result of injury arising out of and in the course of his employment which further treatment could not reduce, then the injured employee is entitled to an award on the basis of such determinable amount of permanent disability even if he unreasonably refused further treatment.

This standard is not unfair to the employer since the only court protectable interest of an employer in such a case is financial. If an employer is protected against paying additional compensation for a condition which further treatment cannot eliminate or reduce, then the employer has no grounds for complaint. If the amount of permanent disability, which the employee will have in any event, cannot be lessened by further treatment, then the employer is not subject to a greater financial loss. Thus no real purpose is served by requiring the additional treatment. In fact, the employer is saved the cost of further treatment.

On the other hand, the injured employee should not receive additional compensation which unreasonably refused treatment could eliminate. The employee is not entitled to a windfall. A standard which limits the amount of the award that an injured employee can receive to the amount he would have received if the proposed treatment was successful is fair to the employee and the employer.

The Court of Civil Appeals declares that it would be speculative to determine in advance of an operation the amount of permanent disability that will exist following an operation. Suppose the results of an operation are viewed as if the operation were completely successful, would such be speculation? Expressions of opinion by medical experts in advance of an operation concerning the anticipated degree of permanent disability remaining after an anticipated successful operation fall within the realm of legal-medical expertise and are no more speculative than acceptable expert testimony pertaining to other aspects of permanent disability. The trier of facts is not faced with any more of a speculative task concerning the determination of permanent disability than he is in any contested workman's compensation case where he must decide the degree of disability the injured employee will have during the remainder of his life. In workman's compensation cases, reasonable probability and not absolute medical certainty is the test to be applied. Yawdoshak v. Somerville Iron Works, 20 N.J.Misc. 412, 28 A.2d 478.

In the instant case, Dr. Richard Bruhn, a neurosurgeon, whose qualifications were admitted, and Dr. John Sherrill, Jr., an orthopedic surgeon, whose qualifications were likewise admitted, both testified that in the event the second proposed operation on Mr. Black was completely successful, he would still be left with a permanent impairment.[1] These surgeons varied in

---

1. In the context that the terms "physical disability" and "permanent impairment" are used in the case under review, the following distinction made in the case of Ouachita Marine & Industrial Corpora-

tion et al. v. Morrison, 246 Ark. 882, 440 S.W.2d 216, is applicable:

"* * * Permanent impairment, which is usually a medical condition, is any permanent functional or anatomical

their expressions of opinion concerning the degree of permanent impairment, but agreed he would have a permanent disability. Their testimony was the sole and the only testimony offered concerning the degree of permanent impairment. It was incumbent upon the trial judge to take into account all of the elements involved in ascertaining the extent of the permanent disability, including the permanent physical impairment. Under the facts of the case under review the trial judge's task was no less judicial in nature in determining the amount of physical disability that Mr. Black would suffer than it would be in any workman's compensation case involving permanent disability, particularly where his determination is based on an assumption that the operation would be completely successful.

Therefore, I would remand the cause to the Court of Civil Appeals for it to make a determination of whether or not there is legal evidence in the record to support the findings of the final judgment of the trial court in accordance with the standards herein expressed.

In the Opinion of the Court of Civil Appeals it is pointed out that the question of whether the employee unreasonably refused further treatment is not for review under the issues raised by the appeal in that case. There was no cross-appeal. Of course, this Court cannot consider this in connection with this review on certiorari, but it is interesting to note that in a case (Molamphy v. Sheridan, W. C. & Ins. Rep. 20, 47 Ir.L.T. 250, 7 B.W.C.C. 957) before the Court of Appeals of Ireland in 1913, a similar issue arose. The County Court Judge in that case held that a workman's refusal to undergo an operation was not unreasonable because when considering his case in its entirety the workman would admittedly have a continuing incapacity as a result of an accident which no operation, regardless of how successful, could remove. The award by the trial court was based on his earning capacity assuming the operation was completely successful. In making a determination of whether the refusal of the workman to undergo an operation was reasonable or unreasonable, the Court of Appeals of Ireland said as follows:

" . . . . The question whether his refusal is reasonable or not must be determined by the final result, and if tested in this way it may ultimately not be unreasonable; it would be useless to send the case back to the County Court Judge. He says in his report that he held it was not unreasonable because no matter how the case was viewed there was no evidence that the undergoing of the operation could lessen the amount of compensation payable by the employers. Unless we are to shut our eyes to all common sense we must hold that there is no other conclusion of fact than that arrived at by the County Court Judge. The appeal must be disallowed."

For cases with a similar result, see: Boyd v. R. P. Farnsworth & Co., 105 F.Supp. 113 (E.D.La.1952); Alexander v. Chrysler Motor Parts Corp., 167 Kan. 711, 207 P.2d 1179.

loss remaining after the healing period has been reached. While permanent impairment is always an important consideration in the evaluation of permanent disability, yet it is only a contributing factor and is not the sole thing to be considered. Permanent disability means incapacity because of injury, or permanent impairment, to earn, in the same or any other employment, the wages which the employee was receiving at the time of the injury. It is based upon an injury or permanent impairment which is usually a medical condition, but it is also affected by non-medical factors such as age, education, occupational skills and training, and the economic environment. * * * "