289 So.2d 621

**AVONDALE MILLS, INC., a corporation, et al.**

v.

**Dollie M. TOLLISON.**

Civ. 222.

Court of Civil Appeals of Alabama.

Jan. 30, 1974.

Gaines & Hereford, Talladega, for appellants.

No brief from appellee.

**54**

HOLMES, Judge.

We review this matter by writ of certiorari from the Circuit Court of St. Clair County, Alabama. Suit was instituted by appellee against appellant-employer under Alabama's Workmen's Compensation Law, Ala.Code, Tit. 26, § 253 et seq. (1940). The trial court, after a hearing, entered a finding for appellee-plaintiff of 50% permanent partial disability of the hand, apparently under Ala.Code, Tit. 26, § 279(C)3 (1940), and made an award pursuant thereto.

Appellant, by appropriate assignments of error, argues the trial court erred to reversal in that no statement of the facts or law was made by the trial judge as is required by Ala.Code, Tit. 26, § 304 (1940); that the injury to appellee should only be compensated as provided for loss of a schedule member; and, finally, the employee refused to comply with a reasonable request for surgical treatment of her injury and, therefore, under Ala.Code, Tit. 26, § 293 (1940), should be denied recovery. Appellee makes no response to these contentions as she has not favored this court with a brief.

Tendencies of the pertinent evidence indicate the following:

Appellee was employed by appellant and while so employed she injured the ring finger or third finger of her left hand. After treatment of the finger it was necessary that it be amputated. Appellee testified that she has virtually no "grip" in her left hand and that some of the fingers that remain on her left hand cause her considerable pain.

Further tendencies of the evidence reveal that the attending physician recommended additional surgery on the amputated area (the last "digit" of the amputated finger still remained) which would relieve the pain. The physician testified that he felt the operation had a 60% to 70% chance of being successful and, further, that the only resulting disability thereafter

would be the missing finger. The operation would have required a four day hospitalization and would have cost approximately $200 in doctor's fees. The appellee refused to have this operation after the offer by appellant to pay for same was conveyed to appellee's attorney, although the reason for her so doing is not clear. The evidence as to the needed operation was uncontroverted as was the appellant's refusal. Specifically, the following documents were introduced:

"November 30, 1972
"Mr. Billy L. Church
Attorney at Law
1904 Cogswell Avenue
Pell City, Alabama 35125

"RE: Tollison vs. Avondale Mills
Case No. 3309
Our File No. 6695

"Dear Billy:

"As you know, your client, Mrs. Dollie M. Tollison was examined by Dr. Harry I. Blaylock on October 17, 1972 and advised by him that she had a neuroma of each digital nerve of the left ring figger (sic) at the site of the amputation and that these neuromas are the cause of her pain at the site of the amputation. Dr. Blaylock has stated that this pain and the accompanying disability can only be relieved by a surgical resection of the neuromas. He states that Mrs. Tollison can be reasonably assured of a successful result and that the operation is free of any serious danger to her.

"Please accept this letter as notice that Avondale Mills is ready, willing, able and elects to furnish this surgical treatment.

"I would appreciate a letter from you advising me of your client's position on this matter as soon as possible.

"Yours very truly,

GAINES AND HEREFORD
BY:

"WEH/mcj"

"BILLY L. CHURCH
ATTORNEY AT LAW
1904 COGSWELL AVENUE
PELL CITY, ALABAMA 35121

PHONE 338–2295

DECEMBER 5, 1972

"Gaines and Hereford
Attorneys at Law
127 North Street
Talladega, Alabama 35160

"Re: Tollison vs. Avondale Mills
Your File No. 6695

"Dear Mr. Hereford:

"The last time I talked to Mrs. Tollison, she stated that she did not intend to have the surgery suggested by Dr. Blalock (sic).

"Sincerely yours,
/s/ Billy
BILLY L. CHURCH

"BLC/ep",

and substantially the same evidence as is indicated by the above documents was elicited from the witnesses.

The record additionally reveals that the employee is now receiving a pension from the employer-appellant, she having worked for employer-appellant some twenty-nine years. Further, appellee received thirty-two weeks of temporary total compensation, a sum of $1,600. Additionally, we find by stipulation that the rate of compensation was $50 per week; the learned trial judge awarded employee $4,250, the employer to be given credit for the $1,600 previously paid.

As to appellant's contention that the trial court failed to comply with Ala.Code, Tit. 26, § 304 (1940), we find no merit.

The pertinent portion of § 304 is as follows:

"This determination shall be filed in writing with the clerk of said court, and judgment shall be entered thereon in the same manner as in causes tried in the said circuit court, and shall contain a statement of the law and facts and conclusions as determined by said judge.
. . . ."

For a comprehensive discussion of the meaning, effect, and application of Tit. 26, § 304, see Henderson v. Johnson, 49 Ala. App. 191, 269 So.2d 905, authored by Judge Bradley.

As seen from a reading of *Henderson, supra*, the decisions of the Supreme Court of Alabama are as one to the effect that a *complete failure* to abide by Tit. 26, § 304, requires a reversal of the case. However, as seen from Birson v. Decatur Transfer & Storage, Inc., 271 Ala. 240, 122 So.2d 917, as quoted in *Henderson, supra*, where the trial court's findings of fact are merely meager or omissive, the reviewing court may look to the evidence to see if it can find any support for the judgment.

While the finding of fact in this instance may be sparse and we see no necessity for setting it out, they fall within the category of meager and omissive, thereby allowing this court to look at the evidence which is supportive thereof.

Furthermore, we believe the conclusion of law in this instance to be in substantial compliance with Tit. 26, § 304, when measured by the standard as set out in *Henderson, supra*. Particularly, we refer to 49 Ala.App. page 198, 269 So.2d 905 head-notes [2] and [3], of *Henderson;* and it appears to this court that in this instance the conclusions of law in the matter now before us are virtually identical to those in *Henderson*.

The appellant next contends that the court erred in allowing recovery under Ala.Code, Tit. 26, § 279(C)3 (1940), for loss of use of a member, as the recovery should have been limited to § 279(C)1, for loss of a scheduled member, to wit, loss of a third finger.

The issue becomes whether, under our statute, the loss of a smaller member

can be treated as a percentage loss of a larger member. We can see no objection to this in an appropriate case, and some of the rationale expressed in Bell v. Driskill, 282 Ala. 640, 213 So.2d 806, and Dale Motels, Inc. v. Crittenden, 50 Ala.App. 251, 278 So.2d 370, would appear to be appropriate, even though those cases deal with the applicability of Tit. 26, § 279(C)6 versus the scheduled member loss, and the matter before us involves the application of Tit. 26, § 279(C)3 versus the scheduled member loss. In other words, if the effects of the loss of the member extend to other parts of the body and interfere with their efficiency, the schedule allowance for the lost member would not be exclusive. See Prof. Larson's Workmen's Compensation Law, Vol. 2, § 58.20. In Lambert Bros. v. Dishner, 212 Tenn. 697, 372 S.W. 2d 166, the Tennessee Supreme Court specifically held an award for loss of use of hand was appropriate and the award was not limited to schedule injury for fingers where claimant could not close his hand and had use of only an index finger and thumb.

■ In this instance, as noted earlier, the appellee testified she had no "grip"; additionally, there is testimony that appellee could only use her thumb and index finger and that she experienced pain. While such evidence is meager and one might well have reached a different result, the rule is well established that on certiorari to review workmen's compensation cases, we will not review the weight or preponderance of the evidence, but will look to see if there is any evidence to support the facts found by the trial court. Pinto Island Metals Co. v. Edwards, 275 Ala. 351, 155 So.2d 304; Dale Motels, Inc. v. Crittenden, *supra*. When there is *any* legal evidence or reasonable inference therefrom to support the facts found by the trial court, such findings are conclusive and will not be disturbed on appeal. Kroger Co. v. Millsap, 280 Ala. 531, 196 So.2d 380; Aluminum Workers International v. Champion, 45 Ala.App. 570, 233 So.2d 511.

With the above in mind, this court cannot say the trial court erred in its finding that appellee had a 50% permanent partial disability of the hand.

■ Appellant's final contention is that the employee-appellee has refused to comply with a reasonable request for surgical treatment of her injury as required by Ala. Code, Tit. 26, § 293 (1940), and therefore, the case should be reversed. In this instance, under the facts of this case taken in their entirety, we find merit in appellant's contention.

The testimony is uncontroverted that the employee lost her third finger, and that additional surgery was recommended by the physican, requested by the employer, and refused by the employee. Further, the testimony is uncontroverted that such surgery could very well alleviate all of the pain employee stated she was experiencing and, as seen from the above, the existence of pain appears to be a basis for the award under Tit. 26, § 279(C)3, as opposed to the scheduled loss of a third finger which is limited to twenty-two weeks compensation. To allow such an award under these circumstances would be to allow an award founded on speculative results and would be contrary to law.

As now Presiding Judge Wright stated in Daniel Ornamental Iron Co. v. Black, 47 Ala.App. 608, 611, 259 So.2d 291, 294:

"Title 26, Section 293, requires that compensation be suspended in the presence of such unreasonable refusal. We can see no legal basis therefore for an award of compensation founded upon speculative results of compliance while such unreasonable refusal continues. To do so would render the statute of no force and effect."

We further deem it appropriate to reiterate the following, as found in *Daniel, supra:*

"We wish to make clear that this decision does not preclude, in the proper case, an award for present and conclu-

sively established permanent disability that refused examination and treatment would in no way affect. If the evidence presented in a case were to indicate that treatment extended would not remove or modify an existing disability, it would appear that refusal of such treatment would not be unreasonable, and denial of compensation would not be proper. We reiterate, such question is not presented under the appeal in this case." (47 Ala. App. 611, 259 So.2d at 294)

In view of the above, we therefore find that without the benefit of the aforementioned operation the court erred in making an award pursuant to Tit. 26, § 279(C)3. In the event the operation is performed thereafter, the trial court, upon an appropriate evidentiary hearing, would then make a determination as to whether or not an award is proper pursuant to Tit. 26, § 279(C)3, or is limited to loss of a scheduled member.

The judgment of the trial court is reversed and remanded.

Reversed and remanded.

WRIGHT, P. J., and BRADLEY, J., concur.