WRIGHT, Presiding Judge.
This is a workmen’s compensation case.
This case originally came to this court on appeal by Daniel Ornamental Iron Co. from a judgment which awarded compensation to Donald Black for a permanent partial disability. This court reversed the aspect of the judgment awarding compensation. That decision is reported as Daniel Ornamental Iron Company, Inc. v. Black, 47 Ala.App. 608, 259 So.2d 291.
The issue there was whether the trial court could enter a judgment granting compensation for permanent partial disability after entering a finding of fact that the claimant’s refusal to submit to further examination and indicated surgical procedure was unreasonable. Our decision was that there could be no judgment granting compensation in that case where there was an unreasonable refusal to submit to request for examination or for subsequent medical treatment found to be needed. The claimant did not appeal from the finding of fact by the court that he had unreasonably refused examination and treatment.
Our decision clearly was a reversal only as to the granting of compensation. The finding of fact that claimant had unreasonably refused examination and treatment remained in effect. Title 26, § 293, Code of Alabama (1940) (Recomp.1958), requires that his right to compensation be suspended and no compensation paid during such refusal. Because of the statute, so long as such refusal continued, there was nothing further to be done. We remanded the case, not for retrial of the issue of fact for that had been determined, but merely to place it back in the jurisdiction of the circuit court. Claimant could have then submitted to examination or treatment, or he could have presented pleadings as to change of circumstances since the previous trial which might support modification. In any event, so long as the status of unreasonable refusal existed, the suspension of payments was according to statute.
We have held that during the period of unreasonable refusal benefits are forever lost. Scott v. Alabama Machinery & Supply Co., 52 Ala.App. 459, 296 So.2d 160 (1972). The court found the unreasonable refusal by decree of January 16, 1970. There had been no action by claimant whatsoever since that date to secure relief from the statutory suspension prior to the filing of motion for summary judgment by Daniel on January 20, 1977. The ground of the motion was that the maximum time during which claimant could have drawn compensation (300 weeks) had expired during suspension and he was no longer eligible for payment. Under authority of the decision in the first appeal in this case and of Scott v. Ala. Machinery & Supply Co., supra, the judgment below is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.