HOLMES, Judge.
This is a workmen’s compensation case.
Plaintiff filed a workmen’s compensation suit against defendant alleging that as a result of a sprain, two ganglion cysts developed on his wrist which caused an absence from work in January and May, 1978. After an ore terms hearing, the trial court held that plaintiff had not sustained a work related malady. Plaintiff appeals.
The dispositive issue on appeal is whether there is any evidence to support the trial court’s finding that plaintiff’s condition was not work related. We hold there is and affirm.
Viewing the record with the attendant presumption, we find the following: Plaintiff has worked for defendant since December, 1969. From 1974 until November, 1977, plaintiff was president of the local union at defendant’s Huntsville plant. As president, plaintiff’s duties were essentially supervisory and, accordingly, he was not required and did not do any manual labor.
*335 Although plaintiff was not working on the plant floor, a ganglion cyst appeared on his wrist. The growth necessitated removal in August, 1976. Plaintiff did not claim workmen’s compensation benefits on this occasion.
Subsequently, the record indicates that plaintiff lost his bid for re-election as union president and returned to his duties in defendant’s plant. A month later, in December, 1977, plaintiff alleged that he injured his wrist although he could not remember the date of the occurrence. Plaintiff continued working until January, 1978; however, a second cyst developed. This was surgically removed later in January, 1978. Plaintiff was out of work for approximately one month.
After plaintiff’s return to employment, a third cyst developed. Plaintiff underwent a more extensive operation for its removal in May, 1978. On this occasion plaintiff was out of work for approximately three months.
Plaintiff filed suit under Alabama’s Workmen’s Compensation Act, § 25-5-1 et seq., Code of Ala.1975, claiming benefits for the January and May disability periods. As we noted above, the trial court disallowed benefits.
On appeal, plaintiff contends that the evidence shows the job caused his injuries. Under our standard of review, we do not agree.
In appellate review of cases of this nature, if there is any evidence to support the trial court’s findings, this court must affirm. Turner v. The Drummond Coal Co., Inc., Ala.Civ.App., 349 So.2d 598, cert. denied, 349 So.2d 605 (1977).
It is incumbent upon the workmen’s compensation claimant to reasonably prove that the injury arose out of and in the course of employment. Myers v. Juneman Elec. Co., 46 Ala.App. 529, 244 So.2d 809 (1971). That is, the claimant must prove that the conditions and hazards of the job proximately caused the injury. Newman Bros. v. McDowell, Ala.Civ.App., 354 So.2d 1138, cert. denied, 354 So.2d 1142 (1977); Myers, supra.
In the instant case, there is evidence which supports the learned judge’s conclusion that plaintiff’s cysts were not caused by his employment.
Plaintiff’s first of the three cysts apparently appeared and had no relation to plaintiff’s employment. As we previously noted, plaintiff was union president and was not performing manual labor when the cyst first developed. He made no claim for benefits nor any allegation of a work related injury on this occasion.
As to the second and third occurrences of the condition, plaintiff’s physician, Dr. Morley, testified in deposition that at the time plaintiff came to him with the problem, plaintiff did not complain of any specific work related injury prior to the second or third appearance of the cyst.
As to the causal relationship between the development of the cysts and plaintiff’s work, Dr. Morley stated that ganglion cysts are common maladies and that there are individuals who are more susceptible than others to their formation. The doctor further testified that he had no way of knowing what caused the cysts and he could not say that the difficulty was merely a condition of the joint as opposed to a work related problem. Put another way, the doctor in essence stated that the cysts could have been caused by internal causes.
Because the evidence as to the causal connection between employment and plaintiff’s condition was in dispute, we find no error with the learned judge’s conclusion that plaintiff did not sustain an injury by accident within the meaning of our workmen’s compensation law and that plaintiff’s condition did not arise out of the course of his employment.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.