HOLMES, Judge.
This is a workmen’s compensation case.
The employee refused recommended surgery. The trial court in effect found this refusal reasonable and held employee entitled to temporary total disability benefits for a nineteen week period- commencing January 28, 1978, and ending June 11, 1978.
The trial court found the employee’s disability to have been removed in June of 1978. The employee did not return to work until September of 1978. The trial court therefore specifically found the employee was not entitled to temporary total disability benefits for the June-September period.
Employee appeals from the trial court’s denial of benefits for the period June to September. The employer, Republic Steel Corporation, cross appeals from the award of benefits to employee.
The dispositive issue in both the appeal and cross appeal is whether there is any evidence to support the findings of the trial court, i. e., that employee was no longer disabled on June 12,1978, and that employee’s refusal of surgery was reasonable.
Our review of the record reveals the following pertinent facts: Employee was employed by Republic Steel Corporation on March 9, 1977. He had been so employed for over forty years. On that date claimant’s great toe was injured when a 30,000 pound coil fell on his left foot. This injury occurred while employee was working within the line and scope of his employment with Republic Steel.
Employee did not work from March 9, 1977, to September 28,1978. Republic Steel paid employee temporary total disability benefits from the date of injury to January 28, 1978. In addition, Republic Steel sent employee to three orthopedic specialists who prescribed amputation of the great toe through the first distal joint as “the best plan for rehabilitation.” There was evidence that amputation would have allowed claimant to return to work within five to six weeks of the surgery. Employee refused to allow amputation and in January, 1978, Republic Steel stopped the payment of temporary total disability benefits.
The injuries to employee’s great toe consisted of fractures and a loss of a portion of the skin covering the toe. These injuries were slow in healing. Medical records introduced as joint exhibits reveal that employee was examined by an orthopedic specialist in October and December, 1977, and in early January, 1978. These records show progress in the healing of employee’s injuries from one examination to the next. Healing continued and in June, 1978, a specialist concluded, after examining employee, that there was no reason why employee could not return to work. At that time employee was experiencing stiffness in the joints of his toe but this condition was not painful.
Employee testified without objection that doctors of his own choosing advised against amputation. Employee was advised by his personal physician that allowing the toe to heal was the best course to follow. It is not clear when this advice was given; however, we do not deem it essential in the instant appeal to determine when such advice was rendered.
I
Employee appeals, contending the trial court erred in failing to award temporary total disability benefits for the period between June 12 and September 28, 1978. Through able counsel he argues the trial court failed to consider evidence offered to rebut evidence that employee’s disability had ended in June, 1978. Further, he argues that, in any event, the trial court’s determination was contrary to the weight of the evidence.
It is a well established rule that this court will not undertake an examination of the weight or preponderance of the evidence presented to the trial court. Florence Enameling Co., Inc. v. Jones, Ala.Civ. App., 361 So.2d 564, cert. denied, 361 So.2d 567 (1978). The scope of our review in a workmen’s compensation case is limited to questions of law and examination of the evidence to determine if there is any legal *664 evidence to support the findings of the trial court. Farmers Gin Co., Inc. v. Rose, Ala.Civ.App., 374 So.2d 351 (1979). If there is any evidence to support those findings, this court must affirm. Haney v. Dunlop Tire & Rubber Corp., Ala.Civ.App., 373 So.2d 334 (1979).
As indicated above, medical reports admitted into evidence show that employee was able to return to work in June, 1978. In other words, there is evidence to support the trial court’s finding that employee was not entitled to temporary total disability benefits after June 11, 1978. The denial of benefits is due to be affirmed.
II
Republic Steel, through able counsel in its cross appeal, argues that employee’s refusal to undergo surgery for the amputation of his toe was unreasonable and that § 25-5-77(b), Code of Ala.1975, bars recovery of benefits.
Section 25-5-77(b), Code of Ala.1975, provides:
If the injured employee refuses to comply with any reasonable request for examination, or refuses to accept the medical services or physical rehabilitation which the employer elects to furnish under the provisions of this chapter, his right to compensation shall be suspended and no compensation shall be payable for the period of such refusal. . . .
Section 25-5-77(b) does not suspend the payment of compensation if the refusal of surgery is reasonable. Scott v. Alabama Machinery & Supply Co., 52 Ala.App. 459, 294 So.2d 160 (1974); Daniel Ornamental Iron Co. v. Black, 47 Ala.App. 608, 259 So.2d 291 (1971), affirmed, 288 Ala. 736, 259 So.2d 295 (1972).
The question before us is whether there is any evidence to support the trial court’s finding that employee’s refusal of surgery was reasonable. Farmers Gin Co., Inc. v. Rose, supra; Haney v. Dunlop Tire & Rubber Corp., supra.
The evidence disclosed by the aforementioned medical reports reveals that employee’s injuries were healing in January, 1978. These reports also reveal that amputation was merely the best and fastest method of rehabilitation. Amputation was not the only method of rehabilitation. These reports mentioned other possible methods of rehabilitation. Additionally and importantly, employee as indicated above testified that his doctors recommended doing nothing except letting the injuries heal.
When an injured employee receives medical advice from his own doctor that conflicts with the advice given by other doctors, it is not unreasonable for the employee to choose to follow his own doctor’s advice. Larson’s Workmen’s Compensation Law, Vol. 1, § 13.22.
In view of the above, we find there is ample evidence to support the trial court’s finding that employee was not unreasonable in refusing surgery and choosing the method of rehabilitation, albeit more lengthy, which allowed him to save his great toe.
The trial court’s award of temporary total disability benefits to employee is due to be affirmed.
This case is due to be and is hereby affirmed.
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.