This is a workmen's compensation case. Employer, Rodeway Inn, appeals from a judgment in favor of claimant, John O. Griffin. Employer's issue on appeal is whether the trial court's determination that the claimant suffered a job-related accident and injury is supported by the facts. More specifically, employer asserts claimant failed to causally connect his injury with an on-the-job accident.
Claimant testified that he slipped while performing his janitorial functions and fell on a metal pan. His right hip was injured; his pants were torn. There was a cut on his right hip which bled. There was blood on the pan. He experienced increasing difficulty in walking and went to a hospital emergency room a week after the fall. He was told there was a severe bruise. An *Page 108 
X-ray was taken. His hip and leg swelled and were extremely painful. There was elevated temperature. He went to an orthopedist, was hospitalized. Examination of original and subsequent X-rays showed a piece of metal in the hip with extensive damage to the joint and cartilage. There was extensive staphylococcus infection. During a two-month stay in the hospital, surgery was performed and a small piece of metal was removed from the hip. There was testimony that the metal appeared to be from the tip of a knife or scissors. The metal was an exhibit before the court. Claimant stated he assumed the metal came from the pan upon which he had fallen or that it was upon the floor where he fell.
Employer presented evidence tending to show that the pan could not have been the source of the metal. Employer sought to infer that claimant had been stabbed with a knife and the fall was not the source of the injury. However, there was no evidence of any injury or happening to claimant other than the fall while on his job. The physician stated the date of the fall was consistent with the condition of the hip as it appeared when he examined and treated claimant.
The physician concluded that as of the hearing, employee had a twenty-five percent disability of his lower extremity and expected it to get worse to such an extent that he would have a permanent-partial disability of seventy percent of the lower extremity or twenty-eight percent of his body as a whole.
The burden is upon the claimant to establish a causal connection between the work and the injury in workmen's compensation cases. Slimfold Manufacturing Co. v. Martin,417 So.2d 199 (Ala.Civ.App. 1981), citing Myers v. Juneman ElectricCo., 46 Ala. App. 529, 244 So.2d 809 (Ala.Civ.App. 1971). The court cannot rely on speculation, conjecture, or surmise in determining that an injury arose out of an on-the-job accident.Stewart v. Busby, 51 Ala. App. 242, 284 So.2d 269 (1973). However, the decision of the trial court will be upheld upon review if there is any legal evidence to support the trial court's findings, Dees v. Daleville Florist, 408 So.2d 155
(Ala.Civ.App. 1981). This court cannot consider the weight of the evidence or the propriety of the trial court's finding of fact, for its inquiry is limited to a determination of whether there is any evidence to support the trial court's finding.Tidwell Industries, Inc. v. Kennedy, 410 So.2d 109
(Ala.Civ.App. 1982).
We find there to be evidence via claimant's testimony upon which the trial court could reasonably conclude claimant's injury arose as a direct result of the on-the-job accident. Neither the credibility of the witness nor the weight given the evidence by the trial judge is a matter for our consideration.Tidwell Industries Inc., supra.
However, we must reverse the judgment in part for another reason than presented. Under § 25-5-57 (a)(3)g, pertaining to compensation for permanent partial disability, unless there is a finding of fact as to the loss of ability to earn, there can be no award. § 25-5-57, Code of Alabama 1975; Ashley v. BlueBell, Inc., 401 So.2d 112 (Ala.Civ.App. 1981). The judgment in the record is absent such finding. We therefore reverse and remand for determination of the percentage loss of ability to earn as required by statute. Lingo v. Dixie Veneer Co.,349 So.2d 591 (Ala.Civ.App. 1977); B.F. Goodrich Co. v. Martin,47 Ala. App. 244, 253 So.2d 37, certs. denied, 287 Ala. 726,253 So.2d 45, 287 Ala. 726, 253 So.2d 46 (Ala. 1971). Accordingly, this case is affirmed in part, reversed in part and remanded with directions.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur. *Page 109