This is a workmen's compensation case.
Barbara Gray was employed by Steven Robert Company, a Beatrice Foods company, as a drapery and curtain folder and inspector. Employee injured her back on March 18, 1981 while lifting a bundle of draperies. The employer paid all medical bills and also paid twenty-eight and three-sevenths weeks of workmen's compensation benefits for temporary total disability.
On November 20, 1981 employee filed a claim in the Conecuh County Circuit Court for permanent and total disability compensation under the Workmen's Compensation Act. After two of the treating physicians were deposed, employer filed a motion on April 13, 1982 to require that the employee submit to a medical examination by a specific neurosurgeon who uses a new scanning technique in the diagnosis of back trouble. The motion would also require employee to submit to a vocational assessment by International Rehabilitation Associates, Inc. After a hearing on the motion, the motion was denied on May 17, 1982.
On August 3, 1982 a trial was held on the claim. Employee was found to be totally and permanently disabled. The judgment was later amended to reflect compensation payments already made by the employer. *Page 1300 
Employer brings this appeal and argues that the court should have granted its motion seeking vocational assessment and further medical examination. Employer claims that by granting the motion the court would have been afforded a more precise report of employee's physical condition and vocational status. Employee should have undergone this further diagnostic testing to determine whether she had an injured disc. Employer asserts that if this was the cause of her pain, employee could have received further treatment, including possible surgery, to improve her physical condition and reduce her disability.
The Workmen's Compensation Act provides that "[t]he injured employee must submit himself to examination by the employer's physician at all reasonable times, if requested to do so by the employer. . . ." § 25-5-77 (b), Code 1975; see also Alabama Rules of Civil Procedure, Rule 35 (a). Furthermore, "[i]f the employer so elects, the employee shall submit to and undergo vocational rehabilitation at the employer's expense. . . ." §25-5-77 (c), Code 1975. The act mandates suspension of employee's benefits if the employee refuses to comply with any reasonable request for examination or refuses to accept rehabilitation. Avondale Mills, Inc. v. Tollison, 52 Ala. App. 52, 289 So.2d 621 (Ala.Civ.App. 1974). The reasonableness or unreasonableness of employee's refusal to undergo further treatment is a question of fact for the trier of fact, the trial court in this case. Scott v. Alabama Machinery SupplyCo., 52 Ala. App. 459, 294 So.2d 160 (Ala.Civ.App. 1974). Moreover, whether an employee can be rehabilitated is also a question of fact for the trial court. J.S. Walton Co. v.Reeves, 396 So.2d 699 (Ala.Civ.App. 1981). In reviewing workmen's compensation cases this court is concerned only with whether there is any legal evidence to support the trial court's findings. City of Montgomery v. Johnson, 403 So.2d 244
(Ala.Civ.App. 1981). A careful review of the record reveals that one of the attending physicians recommended that claimant be referred to a vocational rehabilitation agency for evaluation. The other physician stated that claimant could not do her present job but that there were other jobs that she could do. One doctor stated claimant's symptoms suggested an injured disc in her lower back but that he had not been able to confirm his suspicion. The other doctor testified that due to claimant's pain and failure to improve substantially he suspected that she had a disc problem that several tests had failed to reveal. He stated that he would recommend that claimant see a doctor in Mobile who was qualified to administer a new type scanning examination that had established disc problems where none had been established by other commonly used testing techniques. He further stated that if a faulty disc were found surgery would hopefully improve claimant's condition.
Claimant testified that she was ready and willing to see the doctor in Mobile and that she wanted to do the vocational assessment.
The above recited evidence fails to establish a reasonable refusal to take the proffered physical examination and the vocational evaluation test. In fact the claimant did not refuse; she stated she wanted to take the tests. Without a reasonable refusal to submit to the tests, the above cited Code sections require that the tests be taken. The trial court's refusal to order the claimant to submit to the recommended testing in these circumstances constitutes reversible error. The judgment of the trial court is reversed and the cause remanded for entry of an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur. *Page 1301