BRADLEY, Judge.
This is a workmen’s compensation case and a co-employee lawsuit.
On June 1, 1984 Willie L. Frazier filed a complaint in the Circuit Court of Montgomery County, in which Count I asked for compensation from the City of Montgomery under Alabama’s Workmen’s Compensation Act. In this count he alleged that he had suffered on-the-job injuries on two separate occasions.
In Counts II and III Frazier sought damages from his co-employees, Robert B. Martin, S.B. Robinson, Robert L. Jones, James D. Wilder, and Billy McCain, for negligent or wanton acts committed or omitted which caused or contributed to his injuries.
Count I of the complaint was separated from Counts II and III for separate trials. A trial was held on the workmen’s compensation claim on August 16, 1985. After hearing ore tenus evidence, the court entered an order stating that Mr. Frazier suffered from an ongoing medical condition and that he did not receive an on-the-job injury so as to entitle him to workmen’s compensation benefits. Subsequently, the trial court granted a summary judgment to *263 the defendants on Counts II and III. Frazier appeals from both judgments.
We will consider first Frazier’s contention that the trial court erred in holding that he did not suffer an on-the-job injury which caused him to be disabled.
A review of the record, in pertinent part, reveals that Mr. Frazier claims to have been injured twice while working for the City of Montgomery.
Mr. Frazier testified that he was first injured while employed by the City when the front end of a dump truck he was operating pitched up when he attempted to dump the load. He stated that the next thing he knew, after the truck began to pitch up, was that he was on the ground. As a result of this incident, Mr. Frazier claims to have been injured. After this incident Mr. Frazier underwent surgery to repair a testicular torsion.
Several months later Mr. Frazier returned to work for the City. He was placed on light duty as a janitor. His main duties were sweeping and dumping office waste cans. It is as a result of these activities that Mr. Frazier claims his second on-the-job injury. He contends that one day, after working approximately three weeks, he lifted a trash can containing trash and such things as Pepto-Bismol bottles, and thereafter began to bleed from the end of his penis.
Careful examination of the record in this case reveals that there was conflicting evidence as to whether, how, or when Mr. Frazier’s first alleged injury actually occurred. In his complaint Mr. Frazier alleged that he was injured on August 1, 1983. In a sworn affidavit he stated that the injury occurred on July 29,1983. Then, at trial, Mr. Frazier testified that the injury occurred on either August 1 or August 2, 1983. He also testified that the day he was operated on was the day he was injured. The medical records of Mr. Frazier’s physician indicate that Mr. Frazier entered the hospital on August 3, 1983.
Apparently to substantiate his testimony, Mr. Frazier called one of his coworkers to the stand. This witness testified that on July 29, 1983 he did see the front end of Mr. Frazier’s dump truck pitch up. This witness went on to testify that Mr. Frazier did not fall out of the vehicle, but that he jumped. He also testified that he never saw Mr. Frazier lying on the ground but that he saw Mr. Frazier standing up.
Mr. Frazier’s supervisor testified that the last day that Mr. Frazier worked at the site where the dump truck pitched up was July 29, 1983. He also testified that according to his reports Mr. Frazier did work on August 1, 1983, but not at the location where the truck had pitched up.
As to Mr. Frazier’s second alleged injury in December 1983 when he was on light duty, a fellow worker testified that an employee on light duty would only sweep, dust mop, and pick up some trash. He said the trash cans were small containers into which a person would place wastepaper. This witness further stated that bottles were not placed in the waste cans, and these waste cans were not heavy. If heavy objects needed to be moved, someone who was not on light duty would be called to move them. The witness also said that Mr. Frazier did not mention being injured on his last day at work.
The issue of whether Mr. Frazier suffered an on-the-job injury which has disabled him is complicated by the fact that he has and has had for some time prior to the alleged injuries a disease known as idiopathic myelofibrosis, which is similar to hemophilia.
One of the primary manifestations of idiopathic myelofibrosis is recurrent episodes of spontaneous bleeding without any apparent reason or cause. Due to this condition, Mr. Frazier has been hospitalized on numerous occasions for recurrent infections and bleeding episodes. Also, prior to any injury, Mr. Frazier was advised by his physician to stop working due to his medical condition.
Mr. Frazier did not deny that he suffers from idiopathic myelofibrosis. He argued, however, that his on-the-job injury, when *264 coupled with this condition, renders him permanently disabled.
To support his argument, Mr. Frazier introduced into evidence the deposition of his physician, a specialist in hemotology and oncology. Unfortunately, however, a review of this testimony did not prove totally favorable to Mr. Frazier. Upon cross-examination Mr. Frazier’s physician was asked the following questions, and he gave the following responses:
“Q. He had a medical condition, is that correct?
“A. He had a significant medical condition, yes.
“Q. What is that medical condition?
“A. Idiopathic myelofibrosis.
“Q. And, that’s the medical condition that is keeping him from working, is that correct?
“A. At this time it is.
“Q. Not the groin injury that’s keeping him from working?
“A. In my opinion, it’s his medical condition that’s keeping him from working.
“Q. Not the blow to the groin or the bleeding from the end of his penis?
“A. Not the blow to the groin, no, that’s correct.”
In workmen’s compensation cases the burden is upon the claimant to establish a causal connection between the work and the injury. Ray Motels, Inc. v. Griffin, 428 So.2d 107 (Ala.Civ.App.1983). Upon appellate review of such cases, it is well settled that this court cannot weigh the evidence but is limited to determining whether there is any legal evidence to support the trial court’s findings. Armstrong v. Lewis & Associates Construction Co., 451 So.2d 332 (Ala.Civ.App.1984).
After carefully examining the evidence, we conclude that the trial court could have reasonably found that Mr. Frazier did not suffer an on-the-job injury to his groin on August 1, 1983. Also, the trial court could have reasonably found that Mr. Frazier did not suffer an on-the-job injury in December 1983. Moreover, the evidence supports the finding by the trial court that Mr. Frazier suffers from a blood disease that has disabled him, and that his affliction existed prior to the alleged injuries in 1983. Indeed, there is evidence in the record that the testicular torsion and bleeding from the penis which Mr. Frazier experienced in August and December 1983 could have occurred spontaneously and without trauma.
We hold, therefore, that there is legal evidence in the record to support the trial court’s finding that Mr. Frazier did not suffer an on-the-job injury which caused his disablement but that such disablement was caused by a disease with which he has been afflicted for several years and which has progressively worsened.
As to Frazier’s contention that the trial court erred in granting summary judgment on Counts II and III, Frazier candidly concedes that if this court upholds the trial court’s finding that he was not injured on the job, then he has no claim against his co-employees. Having decided that the trial court’s conclusion that Frazier was not injured on the job is supported by the evidence, we hold that the summary judgment entered in favor of defendants on Counts II and III must be affirmed.
The judgments of the trial court are affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.