ON APPLICATION FOR REHEARING
We deny Cerrock's application for rehearing, but extend our opinion so as to elucidate the rationale for our decision in this case.
Cerrock insists that the language found at § 25-5-77(b), Ala. Code 1975 (1986 Repl.Vol.), "The injured employee must submit himself to examination by the employer's physician at all reasonable times," cannot be disregarded. We do not believe the legislature intended the above section to provide an avenue for an employer to institute further judicial proceedings in a workmen's compensation case seven months after a circuit court's final judgment of permanent and total disability. We are satisfied that such opportunity is clearly provided by §25-5-57(4)(b), Ala. Code 1975 (1986 Repl.Vol.).
We hold that § 25-5-77(b) or (c) applies only to pending cases before final judgment of the circuit court, or after such judgment is procedurally reopened for alteration, amendment, or revision.
Cerrock cites us to J.S. Walton and Co. v. Reeves,396 So.2d 699 (Ala.Civ.App. 1981). In Walton this court did state that "an employee whose disability results from such injury and who has refused to undergo physical or vocational rehabilitation shall not be deemed permanently and totally disabled." It also stated that "if an employee is receiving permanent total disability benefits and refuses to undergo vocational rehabilitation when requested by the employer, he shall lose his benefits during the period of refusal." Walton, supra, at 701. It is important to note, however, that the opinion in Walton was the result of a timely appeal from the trial court judgment in the original trial. It was not a post-judgment motion, as in the case presently before us.
Cerrock also cites us to Beatrice Foods Co. v. Gray,431 So.2d 1299 (Ala.Civ.App. 1983). In Beatrice, the employer, after two treating physicians were deposed, moved the trial court to require the employee to submit to a medical examination by a specific neurosurgeon who utilized a new diagnostic scanning technique. That trial court denied the motion and was reversed on appeal to this court. Here again, we fail to find any applicability of Beatrice to the case sub judice because the motion in Beatrice was filed with, and denied by, the circuit court not only before judgment but before the trial began.
Cerrock would have us believe that even though its request to the trial court for an order to the employee to submit to a medical examination was some seven months after the trial court's judgment finding Johnson permanently and totally disabled, the application of § 25-5-77(b), supra, should have the same effect as if presented to the trial court before or during the pendency of the original trial and before judgment. We find no merit to such argument. To do so would do little more than frustrate the effect of a valid circuit court judgment.
Again, we point out that the burden of persuasion on the post-judgment motion in the trial court was with Cerrock, commensurate with the requirement of any post-judgment motion. Once Cerrock's legal evidence establishes its motion with the circuit court, the burden would then shift to Johnson to satisfy the circuit court that his refusal to submit to any post-judgment medical examination was a reasonable refusal in accordance with our so-called "reasonable refusal" line of cases, such as Scott v. Alabama Machinery Supply Co.,52 Ala. App. 459, 294 So.2d 160 (1974), bearing in mind that "reasonableness" is a question for the trier of facts — in this case, the trial court.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
BRADLEY, P.J., and HOLMES, J., concur. *Page 626